Mark E. Ellis – 127159
June D. Coleman - 191890
ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendants Diverse Funding Associates, Jason J. Evans and Evans Law Association, P.C., and The Law Offices of Jason Evans, P.C.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| HELEN BUNCH and BRAD BUNCH<br><br>    Plaintiff,<br><br>    v.<br><br>DIVERSE FUNDING ASSOCIATES, , LLC, JOSEPH ORTIZ & EPSTEIN, LLC, DELTA GROUP, JOSEPH COLISIMO, WILLIAM "BILL" JOHNSON, JASON J. EVANS, EVANS LAW ASSOCIATES, P.C., THE LAW OFFICE OF JASON J. EVANS, P.C., and FIRST CHOICE ASSETS, LLC,<br><br>    Defendants. | Case No.: 07-3731 RS<br><br>**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS JASON J. EVANS, EVANS LAW ASSOCIATES, P.C. AND THE LAW OFFICE OF JASON J. EVANS, P.C.**<br><br>**JURY DEMAND** |

Defendants Jason J. Evans, Evans Law Associates, P.C. and The Law Office of Jason J. Evans, P.C. (collectively, "Defendants" or "Evans"), by way of their Answer to the First Amended Complaint of plaintiffs Helen and Brad Bunch ("Bunch") say:

## I.     INTRODUCTION

1.     Evans denies the allegations contained in paragraph 1 to the extent that they pertain to Evans.

2.     Evans admits that Plaintiffs are bringing this consumer action pursuant to the authorities referred to in paragraph 2, but denies that Plaintiffs have a basis for any action under any of the

- 1 -

1    authorities cited.

2        3.    Plaintiffs cite the Fair Debt Collection Practices Act in paragraph 3; said Act speaks for

3    itself and no response from Evans is required.

4                        **II.    JURISDICTION AND VENUE**

5        4.    Evans denies that Plaintiffs have a basis for any action under any of the authorities cited

6    in paragraph 4, except it admits that the Court has jurisdiction over this action pursuant to 28 U.S.C. §

7    1331 to the extent that the Complaint purports to assert claims for violations of the Fair Debt

8    Collection Practices Act.

9                            **III.    PARTIES**

10        5.    Evans is without knowledge or information sufficient to form a belief as to the truth of

11    the allegations in paragraph 5.

12        6.    denies the allegations contained in paragraph 9, but admits that it is a Limited Liability

13    Company and that it has an office at the address provided.

14        7.    Evans is without knowledge or information sufficient to form a belief as to the truth of

15    the allegations in paragraph 7.

16        8.    Evans is without knowledge or information sufficient to form a belief as to the truth of

17    the allegations in paragraph 8.

18        9.    Evans is without knowledge or information sufficient to form a belief as to the truth of

19    the allegations in paragraph 9.

20        10.    Evans is without knowledge or information sufficient to form a belief as to the truth of

21    the allegations in paragraph 10.

22        11.    Evans is without knowledge or information sufficient to form a belief as to the truth of

23    the allegations in paragraph 11.

24        12.    Evans is without knowledge or information sufficient to form a belief as to the truth of

25    the allegations in paragraph 12.

26        13.    Evans is without knowledge or information sufficient to form a belief as to the truth of

27    the allegations in paragraph 13.

28        14.    Evans admits the allegations contained in paragraph 14.

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS JASON J. EVANS, EVANS LAW ASSOCIATES, P.C. AND THE LAW OFFICE OF JASON J. EVANS, P.C.

15.    Evans admits the allegations in paragraph 15.

16.    Evans denies the allegations contained in paragraph 16.

17.    Evans denies the allegations contained in paragraph 17, except admits that Jason J. Evans is a shareholder in Evans Law Associates, P.C. and The Law Office of Jason J. Evans, P.C.

18.    Evans denies the allegations contained in paragraph 18, except admits that a portion of the business of Evans Law Associates and The Law Office of Jason J. Evans is debt collection.

19.    Evans denies the allegations contained in paragraph 19.

20.    The allegations contained in paragraph 20 state a legal conclusion to which no response from Evans is required.    To the extent that a response is required, Evans denies the allegations contained in paragraph 20.

21.    Evans denies the allegations contained in paragraph 21, except admits that Evans Law Associates is a corporation with a principal place of business at 3842 Harlem Road, Suite 400-329, Cheektowaga, New York, and that a portion of its business is devoted to debt collection.

22.    Evans denies the allegations contained in paragraph 22, except admits that a portion of Evans Law Associates' business is debt collection.

23.    Evans denies the allegations contained in paragraph 23.

24.    The allegations contained in paragraph 24 state a legal conclusion to which no response from Evans is required.    To the extent that a response is required, Evans denies the allegations contained in paragraph 24.

25.    The allegations contained in paragraph 25 state a legal conclusion to which no response from Evans is required.    To the extent that a response is required, Evans denies the allegations contained in paragraph 25.

26.    Evans denies the allegations in paragraph 26, except admits

27.    Evans denies the allegations contained in paragraph 27, except admits that The Law Office of Jason J. Evans, P.C. is a corporation with a principal place of business at 3580 Harlem Road, Suite 6, Buffalo, New York, and that a portion of its business is devoted to debt collection.

28.    Evans denies the allegations contained in paragraph 22, except admits that a portion of The Law Office of Jason J. Evans, P.C.'s business is debt collection.

- 3 -

29.    Evans denies the allegations contained in paragraph 29.

30.    The allegations contained in paragraph 30 state a legal conclusion to which no response from Evans is required.    To the extent that a response is required, Evans denies the allegations contained in paragraph 30.

31.    The allegations contained in paragraph 31 state a legal conclusion to which no response from Evans is required.    To the extent that a response is required, Evans denies the allegations contained in paragraph 31.

32.    Evans denies the allegations in paragraph 32, except admits that

33.    The allegations contained in paragraph 33 are addressed to a defendant other than Evans, and no response from Evans is required.

34.    The allegations contained in paragraph 34 are addressed to a defendant other than Evans, and no response from Evans is required.

35.    The allegations contained in paragraph 35 are addressed to a defendant other than Evans, and no response from Evans is required.

36.    The allegations contained in paragraph 36 are addressed to a defendant other than Evans, and no response from Evans is required.

37.    The allegations contained in paragraph 37 are addressed to a defendant other than Evans, and no response from Evans is required.

38.    The allegations contained in paragraph 38 are addressed to a defendant other than Evans, and no response from Evans is required.

39.    The allegations contained in paragraph 39 are addressed to a defendant other than Evans, and no response from Evans is required.

40.    The allegations contained in paragraph 40 are addressed to a defendant other than Evans, and no response from Evans is required.

41.    The allegations contained in paragraph 41 are addressed to a defendant other than Evans, and no response from Evans is required.

42.    The allegations contained in paragraph 42 are addressed to a defendant other than Evans, and no response from Evans is required.

1       43.     The allegations contained in paragraph 43 are addressed to a defendant other than

2  Evans, and no response from Evans is required.

3       44.     The allegations contained in paragraph 44 are addressed to a defendant other than

4  Evans, and no response from Evans is required.

5       45.     The allegations contained in paragraph 45 are addressed to a defendant other than

6  Evans, and no response from Evans is required.

7       46.     The allegations contained in paragraph 46 are addressed to a defendant other than

8  Evans, and no response from Evans is required.

9       47.     The allegations contained in paragraph 47 are addressed to a defendant other than

10  Evans, and no response from Evans is required.

11       48.     The allegations contained in paragraph 48 are addressed to a defendant other than

12  Evans, and no response from Evans is required.

13       49.     The allegations contained in paragraph 49 are addressed to a defendant other than

14  Evans, and no response from Evans is required.

15       50.     The allegations contained in paragraph 50 are addressed to a defendant other than

16  Evans, and no response from Evans is required.

17       51.     The allegations contained in paragraph 51 are addressed to a defendant other than

18  Evans, and no response from Evans is required.

19       52.     The allegations contained in paragraph 52 are addressed to a defendant other than

20  Evans, and no response from Evans is required.

21       53.     The allegations contained in paragraph 53 are addressed to a defendant other than

22  Evans, and no response from Evans is required.

23       54.     The allegations contained in paragraph 54 are addressed to a defendant other than

24  Evans, and no response from Evans is required.

25       55.     The allegations contained in paragraph 55 are addressed to a defendant other than

26  Evans, and no response from Evans is required.

27       56.     The allegations contained in paragraph 56 are addressed to a defendant other than

28  Evans, and no response from Evans is required.

57.     The allegations contained in paragraph 57 are addressed to a defendant other than Evans, and no response from Evans is required.

58.     Evans denies the allegations contained in paragraph 58.

## IV.     FACTUAL ALLEGATIONS

59.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

1  85.    Evans is without knowledge or information sufficient to form a belief as to the truth of
2  the allegations in paragraph 85.

3  86.    Evans is without knowledge or information sufficient to form a belief as to the truth of
4  the allegations in paragraph 86.

5  87.    Evans is without knowledge or information sufficient to form a belief as to the truth of
6  the allegations in paragraph 87.

7  88.    Evans is without knowledge or information sufficient to form a belief as to the truth of
8  the allegations in paragraph 88.

9  89.    Evans is without knowledge or information sufficient to form a belief as to the truth of
10  the allegations in paragraph 89.

11  90.    Evans is without knowledge or information sufficient to form a belief as to the truth of
12  the allegations in paragraph 90.

13  91.    Evans is without knowledge or information sufficient to form a belief as to the truth of
14  the allegations in paragraph 91.

15  92.    Evans is without knowledge or information sufficient to form a belief as to the truth of
16  the allegations in paragraph 92.

17  93.    Evans is without knowledge or information sufficient to form a belief as to the truth of
18  the allegations in paragraph 93.

19  94.    Evans is without knowledge or information sufficient to form a belief as to the truth of
20  the allegations in paragraph 94.

21  95.    Evans is without knowledge or information sufficient to form a belief as to the truth of
22  the allegations in paragraph 95.

23  96.    Evans is without knowledge or information sufficient to form a belief as to the truth of
24  the allegations in paragraph 96.

25  97.    Evans is without knowledge or information sufficient to form a belief as to the truth of
26  the allegations in paragraph 97.

27  98.    Evans is without knowledge or information sufficient to form a belief as to the truth of
28  the allegations in paragraph 98.

99.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

100.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

101.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.

102.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102.

103.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103.

104.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104.

105.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.

106.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106.

107.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

108.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

109.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

110.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111.

112.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.

1    113.    Evans is without knowledge or information sufficient to form a belief as to the truth of

2    the allegations in paragraph 113.

3    114.    Evans is without knowledge or information sufficient to form a belief as to the truth of

4    the allegations in paragraph 114.

5    115.    Evans is without knowledge or information sufficient to form a belief as to the truth of

6    the allegations in paragraph 115.

7    116.    Evans is without knowledge or information sufficient to form a belief as to the truth of

8    the allegations in paragraph 116.

9    117.    Evans denies the allegation contained in paragraph 117.

10    118.    Evans denies the allegation contained in paragraph 118.

11    119.    Evans denies the allegation contained in paragraph 119.

12    120.    Evans denies the allegation contained in paragraph 120.

13    121.    Evans denies the allegation contained in paragraph 121.

14    122.    Evans denies the allegation contained in paragraph 122.

15    123.    Evans is without knowledge or information sufficient to form a belief as to the truth of

16    the allegations in paragraph 123.

17    124.    Evans denies the allegations to the extent that they pertain to Evans, and to the extent

18    that they are directed to defendants other than Evans, no response from Evans is required.

19    125.    Evans is without knowledge or information sufficient to form a belief as to the truth of

20    the allegations in paragraph 125.

21    126.    Evans is without knowledge or information sufficient to form a belief as to the truth of

22    the allegations in paragraph 126.

23    127.    Evans is without knowledge or information sufficient to form a belief as to the truth of

24    the allegations in paragraph 127.

25    128.    Evans is without knowledge or information sufficient to form a belief as to the truth of

26    the allegations in paragraph 128.

27    129.    Evans is without knowledge or information sufficient to form a belief as to the truth of

28    the allegations in paragraph 129.

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS JASON J. EVANS, EVANS LAW ASSOCIATES, P.C. AND THE LAW OFFICE OF JASON J. EVANS, P.C.

130.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

131.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

132.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133.

134.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135.    Evans denies the allegation that it received any money from Plaintiff, or that defendant Johnson was an employee of theirs, and to the extent that the allegations are directed to defendants other than Evans, no response from Evans is required.

136.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136.

137.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137.

138.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138.

139.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139.

140.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140.

141.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141.

142.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142.

1      143.    Evans is without knowledge or information sufficient to form a belief as to the truth of

2  the allegations contained in paragraph 143.

3      144.    Evans is without knowledge or information sufficient to form a belief as to the truth of

4  the allegations contained in paragraph 144.

5      145.    Evans denies the allegations contained in paragraph 145.

6      146.    Evans denies the allegations contained in paragraph 146 to the extent that they pertain

7  to Evans.

8      147.    Evans denies the allegations contained in paragraph 147 to the extent that they pertain

9  to Evans.

10     148.    Evans denies the allegations contained in paragraph 148 to the extent that they pertain

11 to Evans.

12     149.    Evans denies the allegations contained in paragraph 149 to the extent that they pertain

13 to Evans.

14     150.    Evans denies the allegations contained in paragraph 150 to the extent that they pertain

15 to Evans.

16     151.    Evans denies the allegations contained in paragraph 151 to the extent that they pertain

17 to Evans.

18                    **V.    FIRST CAUSE OF ACTION – FDCPA**

19     152.    Evans repeats and realleges its responses to the previous allegations as if set forth at

20 length herein.

21     153.    Evans denies the allegations contained in paragraph 153 to the extent that they pertain

22 to Evans.

23     154.    Evans denies the allegations contained in paragraph 154 to the extent that they pertain

24 to Evans.

25              **VI.    SECOND CAUSE OF ACTION – ROSENTHAL FDCPA**

26     155.    Evans repeats and realleges its responses to the previous allegations as if set forth at

27 length herein.

28

156.    Evans denies the allegations contained in paragraph 156 to the extent that they pertain to Evans.

157.    Evans denies the allegations contained in paragraph 157 to the extent that they pertain to Evans.

## VII.    THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

158.    Evans repeats and realleges its responses to the previous allegations as if set forth at length herein.

159.    Evans denies the allegations contained in paragraph 159 to the extent that they pertain to Evans.

160.    Evans denies the allegations contained in paragraph 160 to the extent that they pertain to Evans.

161.    Evans denies the allegations contained in paragraph 161 to the extent that they pertain to Evans.

162.    Evans denies the allegations contained in paragraph 162 to the extent that they pertain to Evans.

163.    Evans denies the allegations contained in paragraph 163 to the extent that they pertain to Evans.

164.    Evans denies the allegations contained in paragraph 164 to the extent that they pertain to Evans.

165.    Evans denies the allegations contained in paragraph 165 to the extent that they pertain to Evans.

166.    Evans denies the allegations contained in paragraph 166 to the extent that they pertain to Evans.

## VIII.    FOURTH CAUSE OF ACTION – INVASION OF PRIVACY

167.    Evans repeats and realleges its responses for the previous allegations as if set forth at length herein.

- 13 -

1    168.   Evans denies the allegations contained in paragraph 168 to the extent that they pertain
2    to Evans.

3    169.   Evans denies the allegations contained in paragraph 169 to the extent that they pertain
4    to Evans.

5    170.   Evans denies the allegations contained in paragraph 170 to the extent that they pertain
6    to Evans.

7    171.   Evans denies the allegations contained in paragraph 171 to the extent that they pertain
8    to Evans.

9    172.   Evans denies the allegations contained in paragraph 172 to the extent that they pertain
10   to Evans.

11   173.   Evans denies the allegations contained in paragraph 173 to the extent that they pertain
12   to Evans.

13                    **IX.    FIFTH CAUSE OF ACTION  - FRAUD**

14   174.   Evans repeats and realleges its responses to the previous allegations as if set forth at
15   length herein.

16   175.   Evans denies the allegations contained in paragraph 175 to the extent that they pertain
17   to Evans.

18   176.   Evans denies the allegations contained in paragraph 176 to the extent that they pertain
19   to Evans.

20   177.   Evans denies the allegations contained in paragraph 177 to the extent that they pertain
21   to Evans.

22   178.   Evans denies the allegations contained in paragraph 178 to the extent that they pertain
23   to Evans.

24   179.   Evans denies the allegations contained in paragraph 179 to the extent that they pertain
25   to Evans.

26   180.   Evans denies the allegations contained in paragraph 180 to the extent that they pertain
27   to Evans.

28

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS JASON J. EVANS, EVANS LAW ASSOCIATES,
P.C. AND THE LAW OFFICE OF JASON J. EVANS, P.C.

181.    Evans denies the allegations contained in paragraph 181 to the extent that they pertain to Evans.

182.    Evans denies the allegations contained in paragraph 182 to the extent that they pertain to Evans.

## X.    SIXTH CAUSE OF ACTION – CONVERSION

183.    Evans repeats and realleges its responses to the previous allegations as if set forth at length herein.

184.    Evans denies the allegations contained in paragraph 184 to the extent that they pertain to Evans.

185.    Evans denies the allegations contained in paragraph 185 to the extent that they pertain to Evans.

186.    Evans denies the allegations contained in paragraph 186 to the extent that they pertain to Evans.

187.    Evans denies the allegations contained in paragraph 187 to the extent that they pertain to Evans.

188.    Evans denies the allegations contained in paragraph 188 to the extent that they pertain to Evans.

## XI.    SEVENTH CAUSE OF ACTION – UNJUST ENRICHMENT

189.    Evans repeats and realleges its responses to the previous allegations as if set forth at length herein.

190.    Evans denies the allegations contained in paragraph 190 to the extent that they pertain to Evans.

191.    Evans denies the allegations contained in paragraph 191 to the extent that they pertain to Evans.

## XII.    EIGHTH CAUSE OF ACTION – LIBEL

192.    Evans repeats and realleges its responses to the previous allegations as if set forth at length herein.

- 15 -

193.    Evans denies the allegations contained in paragraph 193 to the extent that they pertain to Evans.

194.    Evans denies the allegations contained in paragraph 194 to the extent that they pertain to Evans.

195.    Evans denies the allegations contained in paragraph 195 to the extent that they pertain to Evans.

## XIII.    NINTH CAUSE OF ACTION – TORT IN SE

196.    Evans repeats and realleges its responses to the previous allegations as if set forth at length herein.

197.    Evans denies the allegations contained in paragraph 197 to the extent that they pertain to Evans.

198.    Evans denies the allegations contained in paragraph 198 to the extent that they pertain to Evans.

199.    Evans denies the allegations contained in paragraph 199 to the extent that they pertain to Evans.

200.    Evans denies the allegations contained in paragraph 200 to the extent that they pertain to Evans.

201.    Evans denies the allegations contained in paragraph 201 to the extent that they pertain to Evans.

## XIV.    TENTH CAUSE OF ACTION – NEGLIGENT HIRING, RETENTION, SUPERVISION, TRAINING

202.    Evans repeats and realleges its response to the previous allegations as if set forth at length herein.

203.    Evans denies the allegations contained in paragraph 203 to the extent that they pertain to Evans.

204.    Evans denies the allegations contained in paragraph 204 to the extent that they pertain to Evans.

- 16 -

1    205.    Evans denies the allegations contained in paragraph 205 to the extent that they pertain

2    to Evans.

3    ### XV.    ELEVENTH CAUSE OF ACTION – CRIMINAL CONDUCT

4    206.    Evans repeats and realleges its responses to the previous allegations as if set forth at

5    length herein.

6    207.    Evans denies the allegations contained in paragraph 207 to the extent that they pertain

7    to Evans.

8    208.    Evans denies the allegations contained in paragraph 208 to the extent that they pertain

9    to Evans.

10    209.    Evans denies the allegations contained in paragraph 209 to the extent that they pertain

11    to Evans.

12    **AFFIRMATIVE DEFENSES**

13    **FIRST AFFIRMATIVE DEFENSE**

14    210.    The Complaint fails to state any claim upon which relief can be granted.

15    **SECOND AFFIRMATIVE DEFENSE**

16    211.    The Complaint is barred, in whole or in part, by Plaintiffs' failure to mitigate their

17    damages, if any.

18    **THIRD AFFIRMATIVE DEFENSE**

19    212.    The Complaint is barred, in whole or in part, as a result of Plaintiffs' unclean hands.

20    **FOURTH AFFIRMATIVE DEFENSE**

21    213.    The Complaint is barred, in whole or in part, by the doctrines of waiver and estoppel.

22    **FIFTH AFFIRMATIVE DEFENSE**

23    214.    The information provided on the Form 1099 was true or substantially true.

24    **SIXTH AFFIRMATIVE DEFENSE**

25    215.    Defendants allege that the Complaint, and each cause of action therein, is barred by the

26    applicable statute of limitations, including but not limited to 15 U.S.C. § 1692k(d) (FDCPA), Cal. Civ.

27    Code. § 1788.20(f) (Rosenthal FDCPA).

28

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS JASON J. EVANS, EVANS LAW ASSOCIATES, P.C. AND THE LAW OFFICE OF JASON J. EVANS, P.C.

1

### SEVENTH AFFIRMATIVE DEFENSE

2   216. Defendants allege that Plaintiffs themselves were negligent, careless, and/or committed

3 intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness

4 and/or intentional acts caused and/or contributed to their injuries and/or damages.

5

### EIGHTH AFFIRMATIVE DEFENSE

6   217. Defendants allege that other persons and parties were careless and/or negligent, and/or

7 committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately

8 contributed to the happening of the incidents referred to in the Complaint, and to the extent said

9 negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages,

10 then the damages alleged against these Defendants should be reduced or eliminated.

11

### NINTH AFFIRMATIVE DEFENSE

12   218. Defendants allege that Plaintiffs failed and neglected to use reasonable care to protect

13 themselves and to minimize and/or mitigate the losses and/or damages asserted in the complaint.

14

### TENTH AFFIRMATIVE DEFENSE

15   219. Defendants allege that all of their actions were taken in good faith and with a reasonable

16 belief that such actions were legal, appropriate and necessary.

17

### ELEVENTH AFFIRMATIVE DEFENSE

18   220. Defendants allege that they have no civil liability under the FDCPA, 15 U.S.C. § 1692,

19 *et seq.*, or Rosenthal FDCPA, pursuant to 15 U.S.C. § 1692k(c) and California Civil Code § 1788.30(e)

20 as any violation was unintentional and resulted from the maintenance of procedures reasonably

21 adopted to avoid any such violation.

22

### TWELFTH AFFIRMATIVE DEFENSE

23   221. Defendants allege that Plaintiffs' Complaint, and each and every cause of action therein,

24 is barred by the privilege embodied either in **California Civil Code § 47(c)**, or arising under federal

25 and state common law.

26

### THIRTEENTH AFFIRMATIVE DEFENSE

27   222. Defendants allege that the representations or statements made by Defendants were true,

28 accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to

- 18 -

1  their truth, validity and accuracy.

2  **FOURTEENTH AFFIRMATIVE DEFENSE**

3      223.    Defendants allege that it acted lawfully and intended to take any and all action

4  contemplated, as represented to Plaintiffs, whether expressly allowed by contract or permitted by law.

5  **FIFTEENTH AFFIRMATIVE DEFENSE**

6      224.    Defendants allege that any acts of this Defendants were performed in good faith in

7  conformity with advisory opinions of the Federal Trade Commission pursuant to 15 U.S.C. § 1692k(e).

8  **SIXTEENTH AFFIRMATIVE DEFENSE**

9      225.    Defendants hereby allege the following affirmative defenses, including, but not limited

10  to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time:

11  assumption of risk, contributory negligence, setoff, duress, failure of consideration, fraud, illegality,

12  license, failure to join an indispensable party, and abatement.

13  **SEVENTEENTH AFFIRMATIVE DEFENSE**

14      226.    Defendants allege that with respect to Plaintiffs' alleged claim for punitive damages, the

15  decisions of law allowing recovery of punitive damages, if applied in this case, would contravene the

16  Defendants' constitutional rights to substantive and procedural due process of law as preserved for

17  these Defendants by the Fourteenth Amendment of the United States Constitution, and further would

18  constitute a denial by this Court of this Defendant's constitutional right to equal protection under the

19  law as provided by the Fourteenth Amendment; and further would constitute cruel and unusual

20  punishment, as well as an excessive fine as proscribed by the Eighth Amendment; and further would

21  constitute a taking of private property for public use without just compensation, and such taking would

22  contravene these Defendants' constitutional rights preserved by the Fourteenth Amendment.

23  **WHEREFORE**, Defendant prays for:

24      1.    That Plaintiffs take nothing from Defendants by this Complaint;

25      2.    That Defendants be awarded judgment in this action;

26      3.    For attorney's fees incurred herein, pursuant to statute;

27  / / / /

28  / / / /

- 19 -

1    4.    For costs of suit incurred herein; and

2    5.    For such other and further relief as the Court deems proper.

3    Dated:  September 28, 2007                    ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                                                        STEINHEIMER LLP

4

5

                                                        By /s June D. Coleman
6                                                           JUNE D. COLEMAN
                                                              Attorneys for Defendants
7                                                           Diverse Funding Associates; Jason J. Evans; Evans
8                                                           Law Association, P.C.; and The Law Offices of Jason
                                                              Evans, P.C.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS JASON J. EVANS, EVANS LAW ASSOCIATES,
P.C. AND THE LAW OFFICE OF JASON J. EVANS, P.C.

1

**DEMAND FOR JURY TRIAL**

2

Defendants JASON J. EVANS, EVANS LAW ASSOCIATES, P.C. AND THE LAW OFFICE

3

OF JASON J. EVANS, P.C., hereby demand a jury trial in this matter.

4

Dated:  September 28, 2007              ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                        STEINHEIMER LLP

5

6

7

                                        By /s June D. Coleman
                                           JUNE D. COLEMAN

8

                                           Attorneys for Defendants
                                           Diverse Funding Associates; Jason J. Evans; Evans

9

                                           Law Association, P.C.; and The Law Offices of Jason
                                           Evans, P.C.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS JASON J. EVANS, EVANS LAW ASSOCIATES,
P.C. AND THE LAW OFFICE OF JASON J. EVANS, P.C.