Mark E. Ellis - 127159
June D. Coleman - 191890
ELLIS, COLEMAN, POIRIER, LAVOIE,
   & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendants DIVERSE FUNDING ASSOCIATES, LLC, JASON EVANS, EVANS LAW ASSOCIATES, P.C., FIRST CHOICE ASSETS LLC, DELTA GROUP, JOSEPH COLOSIMO AND JOSEPH ORTIZ & EPSTEIN LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HELEN BUNCH and BRAD BUNCH,<br><br>      PLAINTIFFS,<br><br>v.<br><br>DIVERSE FUNDING ASSOCIATES, LLC, et al.,<br><br>      DEFENDANTS. | Case No.:  07-3731 RS<br><br>**DEFENDANT DELTA GROUP'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL** |

Defendant Delta Group, by way of its Answer to the First Amended Complaint of plaintiffs Helen and Brad Bunch ("Bunch") says:

## I.     **INTRODUCTION**

1.     Delta Group denies the allegations contained in paragraph 1 to the extent that they pertain to Delta Group.

2.     Delta Group admits that Plaintiffs are bringing this consumer action pursuant to the authorities referred to in paragraph 2, but denies that Plaintiffs have a basis for any action under any of the authorities cited.

-1-

3.     Plaintiffs cite the Fair Debt Collection Practices Act in paragraph 3; said Act speaks for itself and no response from Delta Group is required.

## II.     JURISDICTION AND VENUE

4.     Delta Group denies that Plaintiffs have a basis for any action under any of the authorities cited in paragraph 4, except it admits that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 to the extent that the Complaint purports to assert claims for violations of the Fair Debt Collection Practices Act.

## III.     PARTIES

5.     Delta Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.     Delta Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.     Delta Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.     Delta Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.     The allegations contained in paragraph 9 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

10.     The allegations contained in paragraph 10 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

11.     The allegations contained in paragraph 11 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

12.     The allegations contained in paragraph 12 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

13.     The allegations contained in paragraph 13 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

14.     The allegations contained in paragraph 14 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

DEFENDANT DELTA GROUP'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

15.     The allegations contained in paragraph 15 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

16.     The allegations contained in paragraph 16 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

17.     The allegations contained in paragraph 17 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

18.     The allegations contained in paragraph 18 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

19.     The allegations contained in paragraph 19 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

20.     The allegations contained in paragraph 20 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

21.     The allegations contained in paragraph 21 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

22.     The allegations contained in paragraph 22 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

23.     The allegations contained in paragraph 23 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

24.     The allegations contained in paragraph 24 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

25.     The allegations contained in paragraph 25 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

26.     The allegations contained in paragraph 26 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

27.     The allegations contained in paragraph 27 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

28.     The allegations contained in paragraph 28 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

DEFENDANT DELTA GROUP'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

29.    The allegations contained in paragraph 29 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

30.    The allegations contained in paragraph 30 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

31.    The allegations contained in paragraph 31 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

32.    The allegations contained in paragraph 32 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

33.    The allegations contained in paragraph 33 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

34.    The allegations contained in paragraph 34 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

35.    The allegations contained in paragraph 35 are addressed to a defendant other than Delta Group, and no response from Delta Group is required.

36.    The allegations contained in paragraph 36 state a legal conclusion as to whether the debt at issue was a "consumer debt," and no response from Delta Group is required.  To the extent that a response is required, Delta Group denies the allegations contained in paragraph 36.

37.    The allegations contained in paragraph 37 state a legal conclusion as to whether the debt at issue was a "consumer debt," and no response from Delta Group is required.  To the extent that a response is required, Delta Group denies the allegations contained in paragraph 37.

38.    Delta Group denies the allegations contained in paragraph 38, except admits that it is the d/b/a of defendant Joseph, Ortiz & Epstein LLC, it has an office at the address provided, and a portion of its business is debt collection.

39.    Delta Group denies the allegations contained in paragraph 39.

40.    Delta Group denies the allegations contained in paragraph 40, except admits that it does occasionally engage in debt collection in the State of California.

41.    The allegations contained in paragraph 41 state a legal conclusion as to whether the debt at issue was a "consumer debt," and no response from Delta Group is required.  To the extent that a

- 4 -

1  response is required, Delta Group denies the allegations contained in paragraph 41.

2      42.    The allegations contained in paragraph 36 state a legal conclusion as to whether the debt

3  at issue was a "consumer debt," and no response from Delta Group is required.  To the extent that a

4  response is required, Delta Group denies the allegations contained in paragraph 42.

5      43.    The allegations contained in paragraph 43 are addressed to a defendant other than Delta

6  Group, and no response from Delta Group is required.

7      44.    The allegations contained in paragraph 44 are addressed to a defendant other than Delta

8  Group, and no response from Delta Group is required.

9      45.    The allegations contained in paragraph 45 are addressed to a defendant other than Delta

10  Group, and no response from Delta Group is required.

11      46.    The allegations contained in paragraph 46 are addressed to a defendant other than Delta

12  Group, and no response from Delta Group is required.

13      47.    The allegations contained in paragraph 47 are addressed to a defendant other than Delta

14  Group, and no response from Delta Group is required.

15      48.    The allegations contained in paragraph 48 are addressed to a defendant other than Delta

16  Group, and no response from Delta Group is required.

17  Delta Group admits the allegations contained in paragraph 48.

18      49.    Delta Group denies the allegations contained in paragraph 49, but admits that defendant

19  Colosimo is a principal of Delta Group, First Choice, and Joseph Ortiz & Epstein LLC.

20      50.    The allegations contained in paragraph 50 are addressed to a defendant other than Delta

21  Group, and no response from Delta Group is required.

22      51.    The allegations contained in paragraph 51 are addressed to a defendant other than Delta

23  Group, and no response from Delta Group is required.

24      52.    The allegations contained in paragraph 52 are addressed to a defendant other than Delta

25  Group, and no response from Delta Group is required.

26      53.    Delta Group is without knowledge or information sufficient to form a belief as to the

27  truth of the allegations contained in paragraph 53, except admits that the person referred to as William

28  "Bill" Johnson is a natural person.

54.    Delta Group denies the allegations contained in paragraph 54, except admits that a person referred to as William "Bill" Johnson is a former employee of Delta Group and Joseph, Ortiz & Epstein LLC.

55.    Delta Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.    The allegations contained in paragraph 56 state a legal conclusion as to whether the debt at issue was a "consumer debt," and no response from Delta Group is required.  To the extent that a response is required, Delta Group denies the allegations contained in paragraph 56.

57.    The allegations contained in paragraph 57 state a legal conclusion as to whether the debt at issue was a "consumer debt," and no response from Delta Group is required.  To the extent that a response is required, Delta Group denies the allegations contained in paragraph 57.

58.    Delta Group denies the allegations contained in paragraph 58.

### IV.    FACTUAL ALLEGATIONS

59.    Delta Group denies the allegations contained in paragraph 59.

60.    Delta Group denies that the allegations contained in paragraph 60.

61.    Delta Group denies the allegations contained in paragraph 61.

62.    Delta Group denies the allegations contained in paragraph 62, except admits that the telephone number provided is one of several telephone numbers used by defendants Delta Group and Joseph, Ortiz & Epstein LLC.

63.    The allegations contained in paragraph 63 state a legal conclusion as to whether the debt at issue was a "consumer debt, and no response from Delta Group is required.  To the extent that a response is required, Delta Group denies the allegations contained in paragraph 63, except admits that any call made by Johnson, the alias of an employee of defendants Delta Group and Joseph, Ortiz & Epstein LLC, was concerning a debt owed by Plaintiffs.

64.    Delta Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.    Delta Group denies the allegations contained in paragraph 65, to the extent that they state that an "alarming phone call and threat of arrest" was made to Plaintiff by defendants Delta

- 6 -

Group, Joseph, Ortiz & Epstein LLC or First Choice Assets LLC.

66.    Delta Group denies the allegations contained in paragraph 66.

67.    Delta Group denies the allegations contained in paragraph 67.

68.    Delta Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.    Delta Group denies the allegations contained in paragraph 69.

70.    Delta Group denies the allegations contained in paragraph 70.

71.    Delta Group denies the allegations contained in paragraph 71.

72.    Delta Group denies the allegations contained in paragraph 72, except admits that Johnson discussed Plaintiff's credit card debt with Mrs. Bunch.

73.    Delta Group denies the allegations contained in paragraph 73.

74.    Delta Group denies the allegations contained in paragraph 74.

75.    Delta Group denies the allegations contained in paragraph 75.

76.    Delta Group denies the allegations contained in paragraph 76.

77.    Delta Group denies the allegations contained in paragraph 77.

78.    Delta Group denies the allegations contained in paragraph 78.

79.    Delta Group denies the allegations contained in paragraph 79.

80.    Delta Group denies the allegations contained in paragraph 80, except it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Mrs. Bunch "did not remember making the charges."

81.    Delta Group denies the allegations contained in paragraph 81.

82.    Delta Group denies the allegations contained in paragraph 82.

83.    Delta Group denies the allegations contained in paragraph 83.

84.    Delta Group denies the allegations contained in paragraph 84.

85.    Delta Group denies the allegations contained in paragraph 85.

86.    Delta Group denies the allegations contained in paragraph 86.

87.    Delta Group denies the allegations contained in paragraph 87.

88.    Delta Group denies the allegations contained in paragraph 88.

DEFENDANT DELTA GROUP'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

1   89.    Delta Group denies the allegations contained in paragraph 89.

2   90.    Delta Group denies the allegations contained in paragraph 90.

3   91.    Delta Group denies the allegations contained in paragraph 91.

4   92.    Delta Group denies the allegations contained in paragraph 91, except admits that certain

5   monies were wired to defendant First Choice Assets LLC.

6   93.    Delta Group denies the allegations contained in paragraph 93, except admits that

7   Plaintiffs wired monies to First Choice Assets LLC in the amount of $6535.94, and is without

8   knowledge or information sufficient to form a belief as to the truth of the allegation that Mrs. Bunch

9   "stayed at Walmart for about a half an hour."

10  94.    Delta Group denies the allegations contained in paragraph 94, except is without

11  knowledge or information sufficient to form a belief as to the truth of the allegation that Mrs. Bunch

12  had a dentist appointment, was in pain, and had to have a tooth removed.

13  95    Delta Group denies the allegations contained in paragraph 95, but is without knowledge

14  or information sufficient to form a belief as to the truth of the allegation that Mrs. Bunch was "finally

15  able to reach her husband who had been out of the country on business."

16  96.    Delta Group denies the allegations contained in paragraph 96.

17  97.    Delta Group denies the allegations contained in paragraph 97, but is without knowledge

18  or information sufficient to form a belief as to the truth of the allegations that Mrs. Bunch "went back

19  to Walmart in an effort to stop the Moneygram transfer to First Choice Assets, but it was too late."

20  98.    Delta Group denies the allegations contained in paragraph 98.

21  99.    Delta Group is without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in paragraph 99.

23  100.   Delta Group is without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in paragraph 100.

25  101.   Delta Group denies the allegations contained in paragraph 101, except is  without

26  knowledge or information sufficient to form a belief as to the truth of the allegations that Mr. Bunch

27  called Mr. Johnson from overseas.

28  102.   Delta Group denies the allegations contained in paragraph 102.

- 8 -

1      103.    Delta Group denies the allegations contained in paragraph 103.

2      104.    Delta Group denies the allegations contained in paragraph 104.

3      105.    Delta Group admits that Mr. Johnson agreed to send documents to Plaintiffs to verify

4  the debt owed, but is without knowledge or formation sufficient to form a belief as to the truth of the

5  remainder of the allegations in paragraph 105.

6      106.    Delta Group is without knowledge or information sufficient to form a belief as to the

7  truth of the allegations in paragraph 106.

8      107.    Delta Group denies the allegations contained in paragraph 107.

9      108.    Delta Group denies the allegations contained in paragraph 108, but is without

10  knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Bunch

11  "attempted to contact government authorities."

12      109.    Delta Group denies the allegations contained in paragraph 109, but is without

13  knowledge or information sufficient to form a belief as to the truth of the allegation contained Mr.

14  Bunch called the Amherst New York Police Department at 4 a.m.

15      110.    Delta Group is without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in paragraph 110.

17      111.    Delta Group denies the allegations contained in paragraph 111, except is  without

18  knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Bunch

19  contacted Visa International and Chase Visa.

20      112.    Delta Group admits that Mr. Bunch called Delta Group on September 1, 2006, but

21  denies that he demanded his money back, and is without knowledge or information sufficient to form a

22  belief as to the truth of the allegation that Mr. Bunch called Delta Group from overseas.

23      113.    Delta Group is without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in paragraph 113.

25      114.    Delta Group is without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in paragraph 114.

27      115.    Delta Group denies the allegations contained in paragraph 115.

28      116.    Delta Group is without knowledge or information sufficient to form a belief as to the

1    truth of the allegations in paragraph 116.

2        117.    Delta Group is without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in paragraph 117, except denies that there is an "affiliation" between defendant

4    Johnson and defendants Evans Law Associates and The Law Office of Jason J. Evans.

5        118.    Delta Group is without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in paragraph 118.

7        119.    Delta Group is without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in paragraph 119.

9        120.    Delta Group is without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in paragraph 120.

11       121.    Delta Group is without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in paragraph 121.

13       122.    Delta Group is without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in paragraph 122, but denies that Evans Law Associates, PC "helps" Delta

15   Group collect money.

16       123.    Delta Group denies the allegations contained in paragraph 123.

17       124.    Delta Group denies the allegations to the extent that they pertain to Delta Group, and to

18   the extent that they are directed to defendants other than Delta Group, no response from Delta Group is

19   required.

20       125.    Delta Group denies the allegations contained in paragraph 125.

21       126.    Delta Group denies the allegations contained in paragraph 126.

22       127.    Delta Group denies the allegations contained in paragraph 127.

23       128.    Delta Group denies the allegations contained in paragraph 128.

24       129.    Delta Group denies the allegations contained in paragraph 129.

25       130.    Delta Group denies the allegations contained in paragraph 130.

26       131.    Delta Group denies the allegations contained in paragraph 131.

27       132.    Delta Group denies the allegations contained in paragraph 132.

28       133.    Delta Group denies the allegations contained in paragraph 133.

1      134.    Delta Group denies the allegations contained in paragraph 134.

2      135.    Delta Group denies the allegations contained in paragraph 135, except admits that

3    defendant Delta Group did not return monies to Plaintiffs, however it denies that it is legally obligated

4    to do so.

5      136.    Delta Group is without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in paragraph 136.

7      137.    Delta Group is without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in paragraph 137.

9      138.    Delta Group is without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in paragraph 138.

11     139.    Delta Group is without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in paragraph 139.

13     140.    Delta Group is without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in paragraph 140.

15     141.    Delta Group is without knowledge or information sufficient to form a belief as to the

16   truth of the allegations in paragraph 141.

17     142.    Delta Group is without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in paragraph 142.

19     143.    Delta Group is without knowledge or information sufficient to form a belief as to the

20   truth of the allegations in paragraph 143.

21     144.    Delta Group denies the allegations contained in paragraph 144.

22     145.    Delta Group denies the allegations contained in paragraph 145.

23     146.    Delta Group denies the allegations contained in paragraph 146 to the extent that they

24   pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

25     147.    Delta Group denies the allegations contained in paragraph 147 to the extent that they

26   pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

27     148.    Delta Group denies the allegations contained in paragraph 148 to the extent that they

28   pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

149.    Delta Group denies the allegations contained in paragraph 149 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

150.    Delta Group denies the allegations contained in paragraph 150 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

151.    Delta Group denies the allegations contained in paragraph 151 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

## V.    FIRST CAUSE OF ACTION – FDCPA

152.    Delta Group repeats and realleges his responses to the previous allegations as if set forth at length herein.

153.    Delta Group denies the allegations contained in paragraph 153 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

154.    Delta Group denies the allegations contained in paragraph 154 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

## VI.    SECOND CAUSE OF ACTION – ROSENTHAL FDCPA

155.    Delta Group repeats and realleges its responses to the previous allegations as if set forth at length herein.

156.    Delta Group denies the allegations contained in paragraph 156 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

157.    Delta Group denies the allegations contained in paragraph 157 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

## VII.    THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

158.    Delta Group repeats and realleges its responses to the previous allegations as if set forth at length herein.

159.    Delta Group denies the allegations contained in paragraph 159 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

160.    Delta Group denies the allegations contained in paragraph 160 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

DEFENDANT DELTA GROUP'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

1  161.   Delta Group denies the allegations contained in paragraph 161 to the extent that they

2  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

3  162.   Delta Group denies the allegations contained in paragraph 162 to the extent that they

4  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

5  163.   Delta Group denies the allegations contained in paragraph 163 to the extent that they

6  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

7  164.   Delta Group denies the allegations contained in paragraph 164 to the extent that they

8  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

9  165.   Delta Group denies the allegations contained in paragraph 165 to the extent that they

10  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

11  166.   Delta Group denies the allegations contained in paragraph 166 to the extent that they

12  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

13  **VIII.   FOURTH CAUSE OF ACTION – INVASION OF PRIVACY**

14  167.   Delta Group repeats and realleges its responses for the previous allegations as if

15  set forth at length herein.

16  168.   Delta Group denies the allegations contained in paragraph 168 to the extent that they

17  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

18  169.   Delta Group denies the allegations contained in paragraph 169 to the extent that they

19  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

20  170.   Delta Group denies the allegations contained in paragraph 170 to the extent that they

21  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

22  171.   Delta Group denies the allegations contained in paragraph 171 to the extent that they

23  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

24  172.   Delta Group denies the allegations contained in paragraph 172 to the extent that they

25  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

26  173.   Delta Group denies the allegations contained in paragraph 173 to the extent that they

27  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

28  **IX.   FIFTH CAUSE OF ACTION  - FRAUD**

- 13 -

1   174.    Delta Group repeats and realleges its responses to the previous allegations as if set forth
2   at length herein.

3   175.    Delta Group denies the allegations contained in paragraph 175 to the extent that they
4   pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

5   176.    Delta Group denies the allegations contained in paragraph 176 to the extent that they
6   pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

7   177.    Delta Group denies the allegations contained in paragraph 177 to the extent that they
8   pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

9   178.    Delta Group denies the allegations contained in paragraph 178 to the extent that they
10  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

11  179.    Delta Group denies the allegations contained in paragraph 179 to the extent that they
12  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

13  180.    Delta Group denies the allegations contained in paragraph 180 to the extent that they
14  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

15  181.    Delta Group denies the allegations contained in paragraph 181 to the extent that they
16  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

17  182.    Delta Group denies the allegations contained in paragraph 182 to the extent that they
18  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

19              **X.    SIXTH CAUSE OF ACTION – CONVERSION**

20  183.    Delta Group repeats and realleges its responses to the previous allegations as if set forth
21  at length herein.

22  184.    Delta Group denies the allegations contained in paragraph 184 to the extent that they
23  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

24  185.    Delta Group denies the allegations contained in paragraph 185 to the extent that they
25  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

26  186.    Delta Group denies the allegations contained in paragraph 186 to the extent that they
27  pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

28  187.    Delta Group denies the allegations contained in paragraph 187 to the extent that they

1    pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

2    188.    Delta Group denies the allegations contained in paragraph 188 to the extent that they

3    pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

4    **XI.    SEVENTH CAUSE OF ACTION – UNJUST ENRICHMENT**

5    189.    Delta Group repeats and realleges its responses to the previous allegations as if set forth

6    at length herein.

7    190.    Delta Group denies the allegations contained in paragraph 190 to the extent that they

8    pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

9    191.    Delta Group denies the allegations contained in paragraph 191 to the extent that they

10   pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

11   **XII.    EIGHTH CAUSE OF ACTION – LIBEL**

12   192.    Delta Group repeats and realleges its responses to the previous allegations as if set forth

13   at length herein.

14   193.    The allegations contained in paragraph 17 are addressed to a defendant other than Delta

15   Group, and no response from Delta Group is required.

16   194.    Delta Group denies the allegations contained in paragraph 194 to the extent that they

17   pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

18   195.    Delta Group denies the allegations contained in paragraph 195 to the extent that they

19   pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

20   **XIII.    NINTH CAUSE OF ACTION – TORT IN SE**

21   196.    Delta Group repeats and realleges its responses to the previous allegations as if set forth

22   at length herein.

23   197.    Delta Group denies the allegations contained in paragraph 197 to the extent that they

24   pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

25   198.    Delta Group denies the allegations contained in paragraph 198 to the extent that they

26   pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

27   199.    Delta Group denies the allegations contained in paragraph 199 to the extent that they

28   pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

- 15 -

200.    Delta Group denies the allegations contained in paragraph 200 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

201.    Delta Group denies the allegations contained in paragraph 201 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

### XIV.    TENTH CAUSE OF ACTION – NEGLIGENT HIRING, RETENTION, SUPERVISION, TRAINING

202.    Delta Group repeats and realleges its response to the previous allegations as if set forth at length herein.

203.    Delta Group denies the allegations contained in paragraph 203 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.\

204.    Delta Group denies the allegations contained in paragraph 204 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

205.    Delta Group denies the allegations contained in paragraph 205 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

### XV.    ELEVENTH CAUSE OF ACTION – CRIMINAL CONDUCT

206.    Delta Group repeats and realleges its responses to the previous allegations as if set forth at length herein.

207.    Delta Group denies the allegations contained in paragraph 207 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

208.    Delta Group denies the allegations contained in paragraph 208 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

209.    Delta Group denies the allegations contained in paragraph 209 to the extent that they pertain to Delta Group, Colosimo, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

210.    The Complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

211.    The Complaint is barred, in whole or in part, by Plaintiffs' failure to mitigate their

- 16 -

1  damages, if any.

2  <center>**THIRD AFFIRMATIVE DEFENSE**</center>

3      212.    The Complaint is barred, in whole or in part, as a result of Plaintiffs' unclean hands.

4  <center>**FOURTH AFFIRMATIVE DEFENSE**</center>

5      213.    The Complaint is barred, in whole or in part, by the doctrines of waiver and estoppel.

6  <center>**FIFTH AFFIRMATIVE DEFENSE**</center>

7      214.    The information provided on the Form 1099 was true or substantially true.

8  <center>**SIXTH AFFIRMATIVE DEFENSE**</center>

9      215.    Defendant alleges that the Complaint, and each cause of action therein, is barred by the

10 applicable statute of limitations, including but not limited to 15 U.S.C. § 1692k(d) (FDCPA), Cal. Civ.

11 Code. § 1788.20(f) (Rosenthal FDCPA)..

12 <center>**SEVENTH AFFIRMATIVE DEFENSE**</center>

13     216.    Defendant alleges that Plaintiffs themselves were negligent, careless, and/or committed

14 intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness

15 and/or intentional acts caused and/or contributed to their injuries and/or damages.

16 <center>**EIGHTH AFFIRMATIVE DEFENSE**</center>

17     218.    Defendant alleges that other persons and parties were careless and/or negligent, and/or

18 committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately

19 contributed to the happening of the incidents referred to in the Complaint, and to the extent said

20 negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages,

21 then the damages alleged against this Defendant should be reduced or eliminated.

22 <center>**NINTH AFFIRMATIVE DEFENSE**</center>

23     219.    Defendant alleges that Plaintiffs failed and neglected to use reasonable care to protect

24 themselves and to minimize and/or mitigate the losses and/or damages asserted in the complaint.

25 <center>**TENTH AFFIRMATIVE DEFENSE**</center>

26     220.    Defendant alleges that all of their actions were taken in good faith and with a reasonable

27 belief that such actions were legal, appropriate and necessary.

28 <center>**ELEVENTH AFFIRMATIVE DEFENSE**</center>

<center>- 17 -</center>

---

<center>DEFENDANT DELTA GROUP'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL</center>

221.    Defendant alleges that it has no civil liability under the FDCPA, 15 U.S.C. § 1692, *et seq.*, or Rosenthal FDCPA, pursuant to 15 U.S.C. § 1692k(c) and California Civil Code § 1788.30(e) as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

## TWELFTH AFFIRMATIVE DEFENSE

222.    Defendant alleges that Plaintiffs' Complaint, and each and every cause of action therein, is barred by the privilege embodied either in California Civil Code § 47(c), or arising under federal and state common law.

## THIRTEENTH AFFIRMATIVE DEFENSE

223.    Defendant alleges that the representations or statements made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their truth, validity and accuracy.

## FOURTEENTH AFFIRMATIVE DEFENSE

224.    Defendant alleges that it acted lawfully and intended to take any and all action contemplated, as represented to Plaintiffs, whether expressly allowed by contract or permitted by law.

## FIFTEENTH AFFIRMATIVE DEFENSE

225.    Defendant alleges that any acts of this Defendant were performed in good faith in conformity with advisory opinions of the Federal Trade Commission pursuant to 15 U.S.C. § 1692k(e).

## SIXTEENTH AFFIRMATIVE DEFENSE

226.    Defendant hereby allege the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, contributory negligence, setoff, duress, failure of consideration, fraud, illegality, license, failure to join an indispensable party, and abatement.

## SEVENTEENTH AFFIRMATIVE DEFENSE

227.    Defendant alleges that with respect to Plaintiffs' alleged claim for punitive damages, the decisions of law allowing recovery of punitive damages, if applied in this case, would contravene the Defendant's constitutional rights to substantive and procedural due process of law as preserved for this Defendant by the Fourteenth Amendment of the United States Constitution, and further would

- 18 -

1  constitute a denial by this Court of this Defendant's constitutional right to equal protection under the

2  law as provided by the Fourteenth Amendment; and further would constitute cruel and unusual

3  punishment, as well as an excessive fine as proscribed by the Eighth Amendment; and further would

4  constitute a taking of private property for public use without just compensation, and such taking would

5  contravene this Defendant's constitutional rights preserved by the Fourteenth Amendment.

6  **WHEREFORE**, Defendant prays for:

7  1.    That Plaintiffs take nothing from Defendant by this Complaint;

8  2.    That Defendant be awarded judgment in this action;

9  3.    For attorney's fees incurred herein, pursuant to statute;

10  4.    For costs of suit incurred herein; and

11  5.    For such other and further relief as the Court deems proper.

12  Dated: October 9, 2007

13  ELLIS, COLEMAN, POIRIER, LAVOIE, &
   STEINHEIMER LLP

14

15  By /s June D. Coleman
   June D. Coleman

16  Attorney for Defendants DIVERSE FUNDING
   ASSOCIATES, LLC, JASON EVANS, EVANS
   LAW ASSOCIATES, P.C., FIRST CHOICE ASSETS

17  LLC, DELTA GROUP, JOSEPH COLOSIMO AND
   JOSEPH ORTIZ & EPSTEIN LLC

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT DELTA GROUP'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND
FOR JURY TRIAL

1

### DEMAND FOR JURY TRIAL

2

Defendant, DELTA GROUP, hereby demands a jury trial in this matter.

3

Dated:  October 9, 2007                    ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                           STEINHEIMER LLP

4

5

6

By /s June D. Coleman
    June D. Coleman

7

    Attorney for Defendants DIVERSE FUNDING
    ASSOCIATES, LLC, JASON EVANS, EVANS

8

    LAW ASSOCIATES, P.C., FIRST CHOICE ASSETS
    LLC, DELTA GROUP, JOSEPH COLOSIMO AND

9

    JOSEPH ORTIZ & EPSTEIN LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT DELTA GROUP'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND
FOR JURY TRIAL

**CERTIFICATE OF SERVICE**

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On October 9, 2007, I served the following document(s) on the parties in the within action:

**DEFENDANT DELTA GROUP'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL**

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |

| | |
|---|---|
| Joseph Mauro<br>Law Offices of Joseph Mauro, LLC<br>631 Montauk Hwy,<br>Suite 6<br>West Islip, NY 11795 | Attorneys for Plaintiffs<br>HELEN BUNCH and BRAD BUNCH |
| Ronald Wilcox<br>2160 The Alameda<br>First Floor, Suite F<br>San Jose, CA 95126 | Attorneys for Plaintiffs<br>HELEN BUNCH and BRAD BUNCH |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on October 9, 2007.

By _____
Jennifer E. Mueller

DEFENDANT DELTA GROUP'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL