Mark E. Ellis - 127159
June D. Coleman - 191890
ELLIS, COLEMAN, POIRIER, LAVOIE,
   & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendants DIVERSE FUNDING ASSOCIATES, LLC, JASON EVANS, EVANS LAW ASSOCIATES, P.C., FIRST CHOICE ASSETS LLC, DELTA GROUP, JOSEPH COLOSIMO AND JOSEPH ORTIZ & EPSTEIN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HELEN BUNCH and BRAD BUNCH,<br><br>        PLAINTIFFS,<br><br>v.<br><br>DIVERSE FUNDING ASSOCIATES, LLC, et al.,<br><br>        DEFENDANTS. | Case No.:  07-3731 RS<br><br>**DEFENDANT FIRST CHOICE ASSETS LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL** |

Defendant, First Choice Assets LLC, by way of its Answer to the First Amended Complaint of plaintiffs Helen and Brad Bunch ("Bunch") says:

## I.    <u>INTRODUCTION</u>

1.    First Choice Assets LLC denies the allegations contained in paragraph 1 to the extent that they pertain to First Choice Assets LLC.

2.    First Choice Assets LLC admits that Plaintiffs are bringing this consumer action pursuant to the authorities referred to in paragraph 2, but denies that Plaintiffs have a basis for any action under any of the authorities cited.

3.    Plaintiffs cite the Fair Debt Collection Practices Act in paragraph 3; said Act speaks for

-1-

1    itself and no response from First Choice Assets LLC is required.

2    **II.    JURISDICTION AND VENUE**

3    4.    First Choice Assets LLC denies that Plaintiffs have a basis for any action under any of

4    the authorities cited in paragraph 4, except it admits that the Court has jurisdiction over this action

5    pursuant to 28 U.S.C. § 1331 to the extent that the Complaint purports to assert claims for violations of

6    the Fair Debt Collection Practices Act.

7    **III.    PARTIES**

8    5.    First Choice Assets LLC is without knowledge or information sufficient to form a belief

9    as to the truth of the allegations in paragraph 5.

10    6.    First Choice Assets LLC is without knowledge or information sufficient to form a belief

11    as to the truth of the allegations in paragraph 6.

12    7.    First Choice Assets LLC is without knowledge or information sufficient to form a belief

13    as to the truth of the allegations in paragraph 7.

14    8.    First Choice Assets LLC is without knowledge or information sufficient to form a belief

15    as to the truth of the allegations in paragraph 8.

16    9.    The allegations contained in paragraph 9 are addressed to a defendant other than First

17    Choice Assets LLC, and no response from First Choice Assets LLC is required.

18    10.    The allegations contained in paragraph 10 are addressed to a defendant other than First

19    Choice Assets LLC, and no response from First Choice Assets LLC is required.

20    11.    The allegations contained in paragraph 11 are addressed to a defendant other than First

21    Choice Assets LLC, and no response from First Choice Assets LLC is required.

22    12.    The allegations contained in paragraph 12 are addressed to a defendant other than First

23    Choice Assets LLC, and no response from First Choice Assets LLC is required.

24    13.    The allegations contained in paragraph 13 are addressed to a defendant other than First

25    Choice Assets LLC, and no response from First Choice Assets LLC is required.

26    14.    The allegations contained in paragraph 14 are addressed to a defendant other than First

27    Choice Assets LLC, and no response from First Choice Assets LLC is required.

28    15.    The allegations contained in paragraph 15 are addressed to a defendant other than First

DEFENDANT FIRST CHOICE ASSETS LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

1    Choice Assets LLC, and no response from First Choice Assets LLC is required.

2          16.    The allegations contained in paragraph 16 are addressed to a defendant other than First

3    Choice Assets LLC, and no response from First Choice Assets LLC is required.

4          17.    The allegations contained in paragraph 17 are addressed to a defendant other than First

5    Choice Assets LLC, and no response from First Choice Assets LLC is required.

6          18.    The allegations contained in paragraph 18 are addressed to a defendant other than First

7    Choice Assets LLC, and no response from First Choice Assets LLC is required.

8          19.    The allegations contained in paragraph 19 are addressed to a defendant other than First

9    Choice Assets LLC, and no response from First Choice Assets LLC is required.

10         20.    The allegations contained in paragraph 20 are addressed to a defendant other than First

11   Choice Assets LLC, and no response from First Choice Assets LLC is required.

12         21.    The allegations contained in paragraph 21 are addressed to a defendant other than First

13   Choice Assets LLC, and no response from First Choice Assets LLC is required.

14         22.    The allegations contained in paragraph 22 are addressed to a defendant other than First

15   Choice Assets LLC, and no response from First Choice Assets LLC is required.

16         23.    The allegations contained in paragraph 23 are addressed to a defendant other than First

17   Choice Assets LLC, and no response from First Choice Assets LLC is required.

18         24.    The allegations contained in paragraph 24 are addressed to a defendant other than First

19   Choice Assets LLC, and no response from First Choice Assets LLC is required.

20         25.    The allegations contained in paragraph 25 are addressed to a defendant other than First

21   Choice Assets LLC, and no response from First Choice Assets LLC is required.

22         26.    The allegations contained in paragraph 26 are addressed to a defendant other than First

23   Choice Assets LLC, and no response from First Choice Assets LLC is required.

24         27.    The allegations contained in paragraph 27 are addressed to a defendant other than First

25   Choice Assets LLC, and no response from First Choice Assets LLC is required.

26         28.    The allegations contained in paragraph 28 are addressed to a defendant other than First

27   Choice Assets LLC, and no response from First Choice Assets LLC is required.

28         29.    The allegations contained in paragraph 29 are addressed to a defendant other than First

DEFENDANT FIRST CHOICE ASSETS LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND
DEMAND FOR JURY TRIAL

1    Choice Assets LLC, and no response from First Choice Assets LLC is required.

2        30.    The allegations contained in paragraph 30 are addressed to a defendant other than First

3    Choice Assets LLC, and no response from First Choice Assets LLC is required.

4        31.    The allegations contained in paragraph 31 are addressed to a defendant other than First

5    Choice Assets LLC, and no response from First Choice Assets LLC is required.

6        32.    The allegations contained in paragraph 32 are addressed to a defendant other than First

7    Choice Assets LLC, and no response from First Choice Assets LLC is required.

8        33.    The allegations contained in paragraph 33 are addressed to a defendant other than First

9    Choice Assets LLC, and no response from First Choice Assets LLC is required.

10        34.    The allegations contained in paragraph 34 are addressed to a defendant other than First

11    Choice Assets LLC, and no response from First Choice Assets LLC is required.

12        35.    The allegations contained in paragraph 35 are addressed to a defendant other than First

13    Choice Assets LLC, and no response from First Choice Assets LLC is required.

14        36.    The allegations contained in paragraph 36 are addressed to a defendant other than First

15    Choice Assets LLC, and no response from First Choice Assets LLC is required.

16        37.    The allegations contained in paragraph 37 are addressed to a defendant other than First

17    Choice Assets LLC, and no response from First Choice Assets LLC is required.

18        38.    The allegations contained in paragraph 38 are addressed to a defendant other than First

19    Choice Assets LLC, and no response from First Choice Assets LLC is required.

20        39.    The allegations contained in paragraph 39 are addressed to a defendant other than First

21    Choice Assets LLC, and no response from First Choice Assets LLC is required.

22        40.    The allegations contained in paragraph 40 are addressed to a defendant other than First

23    Choice Assets LLC, and no response from First Choice Assets LLC is required.

24        41.    The allegations contained in paragraph 41 are addressed to a defendant other than First

25    Choice Assets LLC, and no response from First Choice Assets LLC is required.

26        42.    The allegations contained in paragraph 42 are addressed to a defendant other than First

27    Choice Assets LLC, and no response from First Choice Assets LLC is required.

28        43.    First Choice Assets LLC deny  the allegations contained in paragraph 43, except admits

- 4 -

that it is a limited liability company with a place of business at the address provided.

44. First Choice Assets LLC denies the allegations contained in paragraph 44.

45. First Choice Assets LLC denies the allegations contained in paragraph 45.

46. The allegations contained in paragraph 36 state a legal conclusion as to whether the debt at issue was a "consumer debt," and no response from First Choice Assets LLC is required. To the extent that a response is required, First Choice Assets LLC denies the allegations contained in paragraph 46.

47. The allegations contained in paragraph 47 state a legal conclusion as to whether the debt at issue was a "consumer debt," and no response from First Choice Assets LLC is required. To the extent that a response is required, First Choice Assets LLC denies the allegations contained in paragraph 47.

48. The allegations contained in paragraph 48 are addressed to a defendant other than First Choice Assets LLC, and no response from First Choice Assets LLC is required.

49. First Choice Assets LLC denies the allegations contained in paragraph 49, but admits that defendant Colosimo is a principal of First Choice Assets LLC, Delta Group and Joseph Ortiz & Epstein LLC.

50. The allegations contained in paragraph 50 are addressed to a defendant other than First Choice Assets LLC, and no response from First Choice Assets LLC is required.

51. The allegations contained in paragraph 51 are addressed to a defendant other than First Choice Assets LLC, and no response from First Choice Assets LLC is required.

52. The allegations contained in paragraph 52 are addressed to a defendant other than First Choice Assets LLC, and no response from First Choice Assets LLC is required.

53. First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53, except admits that the person referred to as William "Bill" Johnson is a natural person.

54. First Choice Assets LLC denies the allegations contained in paragraph 54, to the extent that they pertain to First Choice Assets LLC.

55. First Choice Assets LLC is without knowledge or information sufficient to form a belief

- 5 -

1  as to the truth of the allegations in paragraph 55.

2      56.    The allegations contained in paragraph 56 state a legal conclusion as to whether the debt

3  at issue was a "consumer debt," and no response from First Choice Assets LLC is required. To the

4  extent that a response is required, First Choice Assets LLC denies the allegations contained in

5  paragraph 56.

6      57.    The allegations contained in paragraph 57 state a legal conclusion as to whether the debt

7  at issue was a "consumer debt," and no response from First Choice Assets LLC is required. To the

8  extent that a response is required, First Choice Assets LLC denies the allegations contained in

9  paragraph 57.

10      58.    First Choice Assets LLC denies the allegations contained in paragraph 58.

11  ### IV.    <u>FACTUAL ALLEGATIONS</u>

12      59.    First Choice Assets LLC denies the allegations contained in paragraph 59.

13      60.    First Choice Assets LLC denies that the allegations contained in paragraph 60.

14      61.    First Choice Assets LLC denies the allegations contained in paragraph 61.

15      62.    First Choice Assets LLC denies the allegations contained in paragraph 62, except

16  admits that the telephone number provided is one of several telephone numbers used by defendants

17  First Choice Assets LLC and Delta Group.

18      63.    The allegations contained in paragraph 63 state a legal conclusion as to whether the debt

19  at issue was a "consumer debt, and no response from First Choice Assets LLC is required. To the

20  extent that a response is required, First Choice Assets LLC denies the allegations contained in

21  paragraph 63, except admits that any call made by Johnson to Plaintiff was concerning a debt owed by

22  Plaintiffs.

23      64.    First Choice Assets LLC is without knowledge or information sufficient to form a belief

24  as to the truth of the allegations in paragraph 64.

25      65.    First Choice Assets LLC denies the allegations contained in paragraph 65, to the extent

26  that they state that an "alarming phone call and threat of arrest" was made to Plaintiff by defendants

27  First Choice Assets LLC, Delta Group or First Choice Assets LLC.

28      66.    First Choice Assets LLC denies the allegations contained in paragraph 66.

1   67.   First Choice Assets LLC denies the allegations contained in paragraph 67.

2   68.   First Choice Assets LLC is without knowledge or information sufficient to form a belief

3   as to the truth of the allegations in paragraph 68.

4   69.   First Choice Assets LLC denies the allegations contained in paragraph 69.

5   70.   First Choice Assets LLC denies the allegations contained in paragraph 70.

6   71.   First Choice Assets LLC denies the allegations contained in paragraph 71.

7   72.   First Choice Assets LLC denies the allegations contained in paragraph 72, except

8   admits that Johnson discussed Plaintiff's credit card debt with Mrs. Bunch.

9   73.   First Choice Assets LLC denies the allegations contained in paragraph 73.

10   74.   First Choice Assets LLC denies the allegations contained in paragraph 74.

11   75.   First Choice Assets LLC denies the allegations contained in paragraph 75.

12   76.   First Choice Assets LLC denies the allegations contained in paragraph 76.

13   77.   First Choice Assets LLC denies the allegations contained in paragraph 77.

14   78.   First Choice Assets LLC denies the allegations contained in paragraph 78.

15   79.   First Choice Assets LLC denies the allegations contained in paragraph 79.

16   80.   First Choice Assets LLC denies the allegations contained in paragraph 80, except it is

17   without knowledge or information sufficient to form a belief as to the truth of the allegation that Mrs.

18   Bunch "did not remember making the charges."

19   81.   First Choice Assets LLC denies the allegations contained in paragraph 81.

20   82.   First Choice Assets LLC denies the allegations contained in paragraph 82.

21   83.   First Choice Assets LLC denies the allegations contained in paragraph 83.

22   84.   First Choice Assets LLC denies the allegations contained in paragraph 84.

23   85.   First Choice Assets LLC denies the allegations contained in paragraph 85.

24   86.   First Choice Assets LLC denies the allegations contained in paragraph 86.

25   87.   First Choice Assets LLC denies the allegations contained in paragraph 87.

26   88.   First Choice Assets LLC denies the allegations contained in paragraph 88.

27   89.   First Choice Assets LLC denies the allegations contained in paragraph 89.

28   90.   First Choice Assets LLC denies the allegations contained in paragraph 90.

DEFENDANT FIRST CHOICE ASSETS LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND
DEMAND FOR JURY TRIAL

91.     First Choice Assets LLC denies the allegations contained in paragraph 91.

92.     First Choice Assets LLC denies the allegations contained in paragraph 91, except admits that certain monies were wired to First Choice.

93.     First Choice Assets LLC denies the allegations contained in paragraph 93, except admits that Plaintiffs wired monies to First Choice in the amount of $6535.94, and is without knowledge or information sufficient to form a belief as to the truth of the allegation that Mrs. Bunch "stayed at Walmart for about a half an hour."

94.     First Choice Assets LLC denies the allegations contained in paragraph 94, except is without knowledge or information sufficient to form a belief as to the truth of the allegation that Mrs. Bunch had a dentist appointment, was in pain, and had to have a tooth removed.

95     First Choice Assets LLC denies the allegations contained in paragraph 95, but is without knowledge or information sufficient to form a belief as to the truth of the allegation that Mrs. Bunch was "finally able to reach her husband who had been out of the country on business."

96.     First Choice Assets LLC denies the allegations contained in paragraph 96.

97.     First Choice Assets LLC denies the allegations contained in paragraph 97, but is without knowledge or information sufficient to form a belief as to the truth of the allegations that Mrs. Bunch "went back to Walmart in an effort to stop the Moneygram transfer to First Choice Assets, but it was too late."

98.     First Choice Assets LLC denies the allegations contained in paragraph 98.

99.     First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

100.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

101.    First Choice Assets LLC denies the allegations contained in paragraph 101, except is without knowledge or information sufficient to form a belief as to the truth of the allegations that Mr. Bunch called Mr. Johnson from overseas.

102.    First Choice Assets LLC denies the allegations contained in paragraph 102.

103.    First Choice Assets LLC denies the allegations contained in paragraph 103.

1    104.    First Choice Assets LLC denies the allegations contained in paragraph 104.

2    105.    First Choice Assets LLC admits that Mr. Johnson agreed to send documents to Plaintiffs
3    to verify the debt owed, but is without knowledge or formation sufficient to form a belief as to the truth
4    of the remainder of the allegations in paragraph 105.

5    106.    First Choice Assets LLC is without knowledge or information sufficient to form a belief
6    as to the truth of the allegations in paragraph 106.

7    107.    First Choice Assets LLC denies the allegations contained in paragraph 107.

8    108.    First Choice Assets LLC denies the allegations contained in paragraph 108, but is
9    without knowledge or information sufficient to form a belief as to the truth of the allegation that Mr.
10    Bunch "attempted to contact government authorities."

11    109.    First Choice Assets LLC denies the allegations contained in paragraph 109, but is
12    without knowledge or information sufficient to form a belief as to the truth of the allegation contained
13    Mr. Bunch called the Amherst New York Police Department at 4 a.m.

14    110.    First Choice Assets LLC is without knowledge or information sufficient to form a belief
15    as to the truth of the allegations in paragraph 110.

16    111.    First Choice Assets LLC denies the allegations contained in paragraph 111, except is
17    without knowledge or information sufficient to form a belief as to the truth of the allegation that Mr.
18    Bunch contacted Visa International and Chase Visa.

19    112.    First Choice Assets LLC admits that Mr. Bunch called Delta Group on September 1,
20    2006, but denies that he demanded his money back, and is without knowledge or information sufficient
21    to form a belief as to the truth of the allegation that Mr. Bunch called Delta Group from overseas.

22    113.    First Choice Assets LLC is without knowledge or information sufficient to form a belief
23    as to the truth of the allegations in paragraph 113.

24    114.    First Choice Assets LLC is without knowledge or information sufficient to form a belief
25    as to the truth of the allegations in paragraph 114.

26    115.    First Choice Assets LLC denies the allegations contained in paragraph 115.

27    116.    First Choice Assets LLC is without knowledge or information sufficient to form a belief
28    as to the truth of the allegations in paragraph 116.

117.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, except denies that there is an "affiliation" between defendant Johnson and defendants Evans Law Associates and The Law Office of Jason J. Evans.

118.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.

122.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122, but denies that Evans Law Associates, PC "helps" Delta Group collect money.

123.    First Choice Assets LLC denies the allegations contained in paragraph 123.

124.    First Choice Assets LLC denies the allegations to the extent that they pertain to First Choice Assets LLC, and to the extent that they are directed to defendants other than First Choice Assets LLC, no response from First Choice Assets LLC is required.

125.    First Choice Assets LLC denies the allegations contained in paragraph 125.

126.    First Choice Assets LLC denies the allegations contained in paragraph 126.

127.    First Choice Assets LLC denies the allegations contained in paragraph 127.

128.    First Choice Assets LLC denies the allegations contained in paragraph 128.

129.    First Choice Assets LLC denies the allegations contained in paragraph 129.

130.    First Choice Assets LLC denies the allegations contained in paragraph 130.

131.    First Choice Assets LLC denies the allegations contained in paragraph 131.

132.    First Choice Assets LLC denies the allegations contained in paragraph 132.

133.    First Choice Assets LLC denies the allegations contained in paragraph 133.

134.    First Choice Assets LLC denies the allegations contained in paragraph 134.

DEFENDANT FIRST CHOICE ASSETS LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

135.    First Choice Assets LLC denies the allegations contained in paragraph 135, except admit that defendant First Choice Assets LLC did not return monies to Plaintiffs, however it denies that it is legally obligated to do so.

136.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136.

137.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137.

138.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

139.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139.

140.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140.

141.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141.

142.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142.

143.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143.

144.    The allegations contained in paragraph 26 are addressed to a defendant other than First Choice Assets LLC, and no response from First Choice Assets LLC is required.

145.    First Choice Assets LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145.

146.    First Choice Assets LLC denies the allegations contained in paragraph 146 to the extent that they pertain to First Choice Assets LLC.

147.    First Choice Assets LLC denies the allegations contained in paragraph 147 to the extent that they pertain to First Choice Assets LLC.

148.    First Choice Assets LLC denies the allegations contained in paragraph 148 to the extent

- 11 -

1  that they pertain to First Choice Assets LLC.

2       149.   First Choice Assets LLC denies the allegations contained in paragraph 149 to the extent

3  that they pertain to First Choice Assets LLC.

4       150.   First Choice Assets LLC denies the allegations contained in paragraph 150 to the extent

5  that they pertain to First Choice Assets LLC.

6       151.   First Choice Assets LLC denies the allegations contained in paragraph 151 to the extent

7  that they pertain to First Choice Assets LLC.

8               **V.**    **FIRST CAUSE OF ACTION – FDCPA**

9       152.   First Choice Assets LLC repeats and realleges his responses to the previous allegations

10  as if set forth at length herein.

11       153.   First Choice Assets LLC denies the allegations contained in paragraph 153 to the extent

12  that they pertain to First Choice Assets LLC.

13       154.   First Choice Assets LLC denies the allegations contained in paragraph 154 to the extent

14  that they pertain to First Choice Assets LLC.

15              **VI.**    **SECOND CAUSE OF ACTION – ROSENTHAL FDCPA**

16       155.   First Choice Assets LLC repeats and realleges its responses to the previous allegations

17  as if set forth at length herein.

18       156.   First Choice Assets LLC denies the allegations contained in paragraph 156 to the extent

19  that they pertain to First Choice Assets LLC.

20       157.   First Choice Assets LLC denies the allegations contained in paragraph 157 to the extent

21  that they pertain to First Choice Assets LLC.

22

23            **VII.**    **THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

24       158.   First Choice Assets LLC repeats and realleges its responses to the previous allegations

25  as if set forth at length herein.

26       159.   First Choice Assets LLC denies the allegations contained in paragraph 159 to the extent

27  that they pertain to First Choice Assets LLC.

28       160.   First Choice Assets LLC denies the allegations contained in paragraph 160 to the extent

- 12 -

1    that they pertain to First Choice Assets LLC.

2        161.    First Choice Assets LLC denies the allegations contained in paragraph 161 to the extent

3    that they pertain to First Choice Assets LLC.

4        162.    First Choice Assets LLC denies the allegations contained in paragraph 162 to the extent

5    that they pertain to First Choice Assets LLC.

6        163.    First Choice Assets LLC denies the allegations contained in paragraph 163 to the extent

7    that they pertain to First Choice Assets LLC.

8        164.    First Choice Assets LLC denies the allegations contained in paragraph 164 to the extent

9    that they pertain to First Choice Assets LLC.

10       165.    First Choice Assets LLC denies the allegations contained in paragraph 165 to the extent

11   that they pertain to First Choice Assets LLC.

12       166.    First Choice Assets LLC denies the allegations contained in paragraph 166 to the extent

13   that they pertain to First Choice Assets LLC.

14   **VIII.   FOURTH CAUSE OF ACTION – INVASION OF PRIVACY**

15       167.    First Choice Assets LLC repeats and realleges its responses for the previous allegations

16   as if set forth at length herein.

17       168.    First Choice Assets LLC denies the allegations contained in paragraph 168 to the extent

18   that they pertain to First Choice Assets LLC.

19       169.    First Choice Assets LLC denies the allegations contained in paragraph 169 to the extent

20   that they pertain to First Choice Assets LLC.

21       170.    First Choice Assets LLC denies the allegations contained in paragraph 170 to the extent

22   that they pertain to First Choice Assets LLC.

23       171.    First Choice Assets LLC denies the allegations contained in paragraph 171 to the extent

24   that they pertain to First Choice Assets LLC.

25       172.    First Choice Assets LLC denies the allegations contained in paragraph 172 to the extent

26   that they pertain to First Choice Assets LLC.

27       173.    First Choice Assets LLC denies the allegations contained in paragraph 173 to the extent

28   that they pertain to First Choice Assets LLC.

1          IX.    **FIFTH CAUSE OF ACTION - FRAUD**

2          174.    First Choice Assets LLC repeats and realleges its responses to the previous allegations

3    as if set forth at length herein.

4          175.    First Choice Assets LLC denies the allegations contained in paragraph 175 to the extent

5    that they pertain to First Choice Assets LLC.

6          176.    First Choice Assets LLC denies the allegations contained in paragraph 176 to the extent

7    that they pertain to First Choice Assets LLC.

8          177.    First Choice Assets LLC denies the allegations contained in paragraph 177 to the extent

9    that they pertain to First Choice Assets LLC.

10         178.    First Choice Assets LLC denies the allegations contained in paragraph 178 to the extent

11   that they pertain to First Choice Assets LLC.

12         179.    First Choice Assets LLC denies the allegations contained in paragraph 179 to the extent

13   that they pertain to First Choice Assets LLC.

14         180.    First Choice Assets LLC denies the allegations contained in paragraph 180 to the extent

15   that they pertain to First Choice Assets LLC.

16         181.    First Choice Assets LLC denies the allegations contained in paragraph 181 to the extent

17   that they pertain to First Choice Assets LLC.

18         182.    First Choice Assets LLC denies the allegations contained in paragraph 182 to the extent

19   that they pertain to First Choice Assets LLC.

20         X.    **SIXTH CAUSE OF ACTION – CONVERSION**

21         183.    First Choice Assets LLC repeats and realleges its responses to the previous allegations

22   as if set forth at length herein.

23         184.    First Choice Assets LLC denies the allegations contained in paragraph 184 to the extent

24   that they pertain to First Choice Assets LLC.

25         185.    First Choice Assets LLC denies the allegations contained in paragraph 185 to the extent

26   that they pertain to First Choice Assets LLC.

27         186.    First Choice Assets LLC denies the allegations contained in paragraph 186 to the extent

28   that they pertain to First Choice Assets LLC.

- 14 -

187.    First Choice Assets LLC denies the allegations contained in paragraph 187 to the extent that they pertain to First Choice Assets LLC.

188.    First Choice Assets LLC denies the allegations contained in paragraph 188 to the extent that they pertain to First Choice Assets LLC.

## XI.    SEVENTH CAUSE OF ACTION – UNJUST ENRICHMENT

189.    First Choice Assets LLC repeats and realleges its responses to the previous allegations as if set forth at length herein.

190.    First Choice Assets LLC denies the allegations contained in paragraph 190 to the extent that they pertain to First Choice Assets LLC.

191.    First Choice Assets LLC denies the allegations contained in paragraph 191 to the extent that they pertain to First Choice Assets LLC.

## XII.    EIGHTH CAUSE OF ACTION – LIBEL

192.    First Choice Assets LLC repeats and realleges its responses to the previous allegations as if set forth at length herein.

193.    The allegations contained in paragraph 17 are addressed to a defendant other than First Choice Assets LLC, and no response from First Choice Assets LLC is required.

194.    First Choice Assets LLC denies the allegations contained in paragraph 194 to the extent that they pertain to First Choice Assets LLC.

195.    First Choice Assets LLC denies the allegations contained in paragraph 195 to the extent that they pertain to First Choice Assets LLC.

## XIII.    NINTH CAUSE OF ACTION – TORT IN SE

196.    First Choice Assets LLC repeats and realleges its responses to the previous allegations as if set forth at length herein.

197.    First Choice Assets LLC denies the allegations contained in paragraph 197 to the extent that they pertain to First Choice Assets LLC.

198.    First Choice Assets LLC denies the allegations contained in paragraph 198 to the extent that they pertain to First Choice Assets LLC.

199.    First Choice Assets LLC denies the allegations contained in paragraph 199 to the extent

- 15 -

1  that they pertain to First Choice Assets LLC.

2      200.    First Choice Assets LLC denies the allegations contained in paragraph 200 to the extent

3  that they pertain to First Choice Assets LLC.

4      201.    First Choice Assets LLC denies the allegations contained in paragraph 201 to the extent

5  that they pertain to First Choice Assets LLC.

6  **XIV.    TENTH CAUSE OF ACTION – NEGLIGENT HIRING, RETENTION, SUPERVISION, TRAINING**

7

8      202.    First Choice Assets LLC repeats and realleges its response to the previous allegations as

9  if set forth at length herein.

10     203.    First Choice Assets LLC denies the allegations contained in paragraph 203 to the extent

11 that they pertain to First Choice Assets LLC.

12     204.    First Choice Assets LLC denies the allegations contained in paragraph 204 to the extent

13 that they pertain to First Choice Assets LLC.

14     205.    First Choice Assets LLC denies the allegations contained in paragraph 205 to the extent

15 that they pertain to First Choice Assets LLC.

16  **XV.    ELEVENTH CAUSE OF ACTION – CRIMINAL CONDUCT**

17     206.    First Choice Assets LLC repeats and realleges its responses to the previous allegations

18 as if set forth at length herein.

19     207.    First Choice Assets LLC denies the allegations contained in paragraph 207 to the extent

20 that they pertain to First Choice Assets LLC.

21     208.    First Choice Assets LLC denies the allegations contained in paragraph 208 to the extent

22 that they pertain to First Choice Assets LLC.

23     209.    First Choice Assets LLC denies the allegations contained in paragraph 209 to the extent

24 that they pertain to First Choice Assets LLC.

25  **AFFIRMATIVE DEFENSES**

26  **FIRST AFFIRMATIVE DEFENSE**

27     210.    The Complaint fails to state any claim upon which relief can be granted.

28  **SECOND AFFIRMATIVE DEFENSE**

- 16 -

211.    The Complaint is barred, in whole or in part, by Plaintiffs' failure to mitigate their damages, if any.

### THIRD AFFIRMATIVE DEFENSE

212.    The Complaint is barred, in whole or in part, as a result of Plaintiffs' unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

213.    The Complaint is barred, in whole or in part, by the doctrines of waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

214.    The information provided on the Form 1099 was true or substantially true.

### SIXTH AFFIRMATIVE DEFENSE

215.    Defendant alleges that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations, including but not limited to 15 U.S.C. § 1692k(d) (FDCPA), Cal. Civ. Code. § 1788.20(f) (Rosenthal FDCPA)..

### SEVENTH AFFIRMATIVE DEFENSE

216.    Defendant alleges that Plaintiffs themselves were negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness and/or intentional acts caused and/or contributed to their injuries and/or damages.

### EIGHTH AFFIRMATIVE DEFENSE

218.    Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against this Defendant should be reduced or eliminated.

### NINTH AFFIRMATIVE DEFENSE

219.    Defendant alleges that Plaintiffs failed and neglected to use reasonable care to protect themselves and to minimize and/or mitigate the losses and/or damages asserted in the complaint.

### TENTH AFFIRMATIVE DEFENSE

220.    Defendant alleges that all of their actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate and necessary.

- 17 -

## ELEVENTH AFFIRMATIVE DEFENSE

221.    Defendant alleges that it has no civil liability under the FDCPA, 15 U.S.C. § 1692, *et seq.*, or Rosenthal FDCPA, pursuant to 15 U.S.C. § 1692k(c) and California Civil Code § 1788.30(e) as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

## TWELFTH AFFIRMATIVE DEFENSE

222.    Defendant alleges that Plaintiffs' Complaint, and each and every cause of action therein, is barred by the privilege embodied either in California Civil Code § 47(c), or arising under federal and state common law.

## THIRTEENTH AFFIRMATIVE DEFENSE

223.    Defendant alleges that the representations or statements made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their truth, validity and accuracy.

## FOURTEENTH AFFIRMATIVE DEFENSE

224.    Defendant alleges that it acted lawfully and intended to take any and all action contemplated, as represented to Plaintiffs, whether expressly allowed by contract or permitted by law.

## FIFTEENTH AFFIRMATIVE DEFENSE

225.    Defendant alleges that any acts of this Defendant were performed in good faith in conformity with advisory opinions of the Federal Trade Commission pursuant to 15 U.S.C. § 1692k(e).

## SIXTEENTH AFFIRMATIVE DEFENSE

226.    Defendant hereby allege the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, contributory negligence, setoff, duress, failure of consideration, fraud, illegality, license, failure to join an indispensable party, and abatement.

## SEVENTEENTH AFFIRMATIVE DEFENSE

227.    Defendant alleges that with respect to Plaintiffs' alleged claim for punitive damages, the decisions of law allowing recovery of punitive damages, if applied in this case, would contravene the Defendant's constitutional rights to substantive and procedural due process of law as preserved for this

- 18 -

Defendant by the Fourteenth Amendment of the United States Constitution, and further would constitute a denial by this Court of this Defendant's constitutional right to equal protection under the law as provided by the Fourteenth Amendment; and further would constitute cruel and unusual punishment, as well as an excessive fine as proscribed by the Eighth Amendment; and further would constitute a taking of private property for public use without just compensation, and such taking would contravene this Defendant's constitutional rights preserved by the Fourteenth Amendment.

**WHEREFORE**, Defendant prays for:

1.    That Plaintiffs take nothing from Defendant by this Complaint;

2.    That Defendant be awarded judgment in this action;

3.    For attorney's fees incurred herein, pursuant to statute;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the Court deems proper.

Dated: October 9, 2007

ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP

By /s June D. Coleman
June D. Coleman
Attorney for Defendants
DIVERSE FUNDING ASSOCIATES, LLC, JASON EVANS, EVANS LAW ASSOCIATES, P.C., FIRST CHOICE ASSETS LLC, DELTA GROUP, JOSEPH COLOSIMO AND JOSEPH ORTIZ & EPSTEIN LLC

DEFENDANT FIRST CHOICE ASSETS LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Defendant FIRST CHOICE ASSETS LLC, hereby demands a jury trial in this matter.

Dated:  October 9, 2007                              ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                                     STEINHEIMER LLP


                                                     By /s June D. Coleman
                                                        June D. Coleman
                                                        Attorney for Defendants
                                                        DIVERSE FUNDING ASSOCIATES, LLC, JASON
                                                        EVANS, EVANS LAW ASSOCIATES, P.C., FIRST
                                                        CHOICE ASSETS LLC, DELTA GROUP, JOSEPH
                                                        COLOSIMO AND JOSEPH ORTIZ & EPSTEIN
                                                        LLC

DEFENDANT FIRST CHOICE ASSETS LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND
DEMAND FOR JURY TRIAL

**CERTIFICATE OF SERVICE**

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On October 9, 2007, I served the following document(s) on the parties in the within action:

**DEFENDANT FIRST CHOICE ASSETS LLC S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL**

| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

| | |
|---|---|
| Joseph Mauro<br>Law Offices of Joseph Mauro, LLC<br>631 Montauk Hwy<br>Suite 6<br>West Islip, NY 11795 | Attorneys for Plaintiffs<br>HELEN BUNCH and BRAD BUNCH |
| Ronald Wilcox<br>2160 The Alameda<br>First Floor, Suite F<br>San Jose, CA 95126 | Attorneys for Plaintiffs<br>HELEN BUNCH and BRAD BUNCH |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on October 9, 2007.

By _____
Jennifer E. Mueller

DEFENDANT FIRST CHOICE ASSETS LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL