Mark E. Ellis - 127159
June D. Coleman - 191890
ELLIS, COLEMAN, POIRIER, LAVOIE,
  & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendants DIVERSE FUNDING ASSOCIATES, LLC, JASON EVANS, EVANS LAW ASSOCIATES, P.C., FIRST CHOICE ASSETS LLC, DELTA GROUP, JOSEPH COLOSIMO AND JOSEPH ORTIZ & EPSTEIN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HELEN BUNCH and BRAD BUNCH, | Case No.: 07-3731 RS |
| PLAINTIFFS, | **DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL** |
| v. | |
| DIVERSE FUNDING ASSOCIATES, LLC, et al., | |
| DEFENDANTS. | |

Defendant Joseph Colosimo, by way of his Answer to the First Amended Complaint of plaintiffs Helen and Brad Bunch ("Bunch") says:

## I.    **INTRODUCTION**

1.    Colosimo denies the allegations contained in paragraph 1 to the extent that they pertain to Colosimo.

2.    Colosimo admits that Plaintiffs are bringing this consumer action pursuant to the authorities referred to in paragraph 2, but denies that Plaintiffs have a basis for any action under any of the authorities cited.

3.    Plaintiffs cite the Fair Debt Collection Practices Act in paragraph 3; said Act speaks for

-1-

1 | itself and no response from Colosimo is required.

2 | ## II.    JURISDICTION AND VENUE

3 | 4.    Colosimo denies that Plaintiffs have a basis for any action under any of the authorities

4 | cited in paragraph 4, except it admits that the Court has jurisdiction over this action pursuant to 28

5 | U.S.C. § 1331 to the extent that the Complaint purports to assert claims for violations of the Fair Debt

6 | Collection Practices Act.

7 | ## III.    PARTIES

8 | 5.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

9 | of the allegations in paragraph 5.

10 | 6.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

11 | of the allegations in paragraph 6.

12 | 7.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

13 | of the allegations in paragraph 7.

14 | 8.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

15 | of the allegations in paragraph 8.

16 | 9.    The allegations contained in paragraph 9 are addressed to a defendant other than

17 | Colosimo, and no response from Colosimo is required.

18 | 10.    The allegations contained in paragraph 10 are addressed to a defendant other than

19 | Colosimo, and no response from Colosimo is required.

20 | 11.    The allegations contained in paragraph 11 are addressed to a defendant other than

21 | Colosimo, and no response from Colosimo is required.

22 | 12.    The allegations contained in paragraph 12 are addressed to a defendant other than

23 | Colosimo, and no response from Colosimo is required.

24 | 13.    The allegations contained in paragraph 13 are addressed to a defendant other than

25 | Colosimo, and no response from Colosimo is required.

26 | 14.    The allegations contained in paragraph 14 are addressed to a defendant other than

27 | Colosimo, and no response from Colosimo is required.

28 |

DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND
DEMAND FOR JURY TRIAL

15.    The allegations contained in paragraph 15 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

16.    The allegations contained in paragraph 16 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

17.    The allegations contained in paragraph 17 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

18.    The allegations contained in paragraph 18 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

19.    The allegations contained in paragraph 19 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

20.    The allegations contained in paragraph 20 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

21.    The allegations contained in paragraph 21 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

22.    The allegations contained in paragraph 22 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

23.    The allegations contained in paragraph 23 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

24.    The allegations contained in paragraph 24 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

25.    The allegations contained in paragraph 25 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

26.    The allegations contained in paragraph 26 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

27.    The allegations contained in paragraph 27 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

28.    The allegations contained in paragraph 28 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

1          29.     The allegations contained in paragraph 29 are addressed to a defendant other than

2    Colosimo, and no response from Colosimo is required.

3          30.     The allegations contained in paragraph 30 are addressed to a defendant other than

4    Colosimo, and no response from Colosimo is required.

5          31.     The allegations contained in paragraph 31 are addressed to a defendant other than

6    Colosimo, and no response from Colosimo is required.

7          32.     The allegations contained in paragraph 32 are addressed to a defendant other than

8    Colosimo, and no response from Colosimo is required.

9          33.     The allegations contained in paragraph 33 are addressed to a defendant other than

10   Colosimo, and no response from Colosimo is required.

11         34.     The allegations contained in paragraph 34 are addressed to a defendant other than

12   Colosimo, and no response from Colosimo is required.

13         35.     The allegations contained in paragraph 35 are addressed to a defendant other than

14   Colosimo, and no response from Colosimo is required.

15         36.     The allegations contained in paragraph 36 are addressed to a defendant other than

16   Colosimo, and no response from Colosimo is required.

17         37.     The allegations contained in paragraph 37 are addressed to a defendant other than

18   Colosimo, and no response from Colosimo is required.

19         38.     The allegations contained in paragraph 38 are addressed to a defendant other than

20   Colosimo, and no response from Colosimo is required.

21         39.     The allegations contained in paragraph 39 are addressed to a defendant other than

22   Colosimo, and no response from Colosimo is required.

23         40.     The allegations contained in paragraph 40 are addressed to a defendant other than

24   Colosimo, and no response from Colosimo is required.

25         41.     The allegations contained in paragraph 41 are addressed to a defendant other than

26   Colosimo, and no response from Colosimo is required.

27         42.     The allegations contained in paragraph 42 are addressed to a defendant other than

28   Colosimo, and no response from Colosimo is required.

DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND
DEMAND FOR JURY TRIAL

43. The allegations contained in paragraph 43 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

44. The allegations contained in paragraph 44 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

45. The allegations contained in paragraph 45 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

46. The allegations contained in paragraph 46 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

47. The allegations contained in paragraph 47 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

48. Colosimo admits the allegations contained in paragraph 48.

49. Colosimo denies the allegations contained in paragraph 49, but admits that he is a principal of First Choice, Delta Group and Joseph Ortiz & Epstein LLC.

50. Colosimo denies the allegations contained in paragraph 50.

51. The allegations contained in paragraph 51 state a legal conclusion to which no response from Colosimo is required. To the extent that a response is required, Colosimo denies the allegations contained in paragraph 51.

52. The allegations contained in paragraph 52 state a legal conclusion to which no response from Colosimo is required. To the extent that a response is required, Colosimo denies the allegations contained in paragraph 52.

53. Colosimo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53, except admits that the person referred to as William "Bill" Johnson is a natural person.

54. Colosimo denies the allegations contained in paragraph 54, except admits that a person referred to as William "Bill" Johnson is a former employee of Delta Group and Joseph, Ortiz & Epstein LLC.

55. Colosimo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

56.    The allegations contained in paragraph 56 state a legal conclusion as to whether the debt at issue was a "consumer debt," and no response from Colosimo is required.  To the extent that a response is required, Colosimo denies the allegations contained in paragraph 56.

57.    The allegations contained in paragraph 57 state a legal conclusion as to whether the debt at issue was a "consumer debt," and no response from Colosimo is required.  To the extent that a response is required, Colosimo denies the allegations contained in paragraph 57.

58.    Colosimo denies the allegations contained in paragraph 58.

## IV.    FACTUAL ALLEGATIONS

59.    Colosimo denies the allegations contained in paragraph 59.

60.    Colosimo denies that the allegations contained in paragraph 60.

61.    Colosimo denies the allegations contained in paragraph 61.

62.    Colosimo denies the allegations contained in paragraph 62, except admits that the telephone number provided is one of several telephone numbers used by defendants Delta Group and Joseph, Ortiz & Epstein LLC.

63.    The allegations contained in paragraph 63 state a legal conclusion as to whether the debt at issue was a "consumer debt, and no response from Colosimo is required.  To the extent that a response is required, Colosimo denies the allegations contained in paragraph 63, except admits that any call made by Johnson, the alias of an employee of defendants Delta Group and Joseph, Ortiz & Epstein LLC, was concerning a debt owed by Plaintiffs.

64.    Colosimo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.    Colosimo denies the allegations contained in paragraph 65, to the extent that they state that an "alarming phone call and threat of arrest" was made to Plaintiff by defendants Colosimo, Delta Group, Joseph, Ortiz & Epstein LLC or First Choice Assets LLC.

66.    Colosimo denies the allegations contained in paragraph 66.

67.    Colosimo denies the allegations contained in paragraph 67.

68.    Colosimo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

1    69.    Colosimo denies the allegations contained in paragraph 69.

2    70.    Colosimo denies the allegations contained in paragraph 70.

3    71.    Colosimo denies the allegations contained in paragraph 71.

4    72.    Colosimo denies the allegations contained in paragraph 72, except admits that Johnson

5    discussed Plaintiff's credit card debt with Mrs. Bunch.

6    73.    Colosimo denies the allegations contained in paragraph 73.

7    74.    Colosimo denies the allegations contained in paragraph 74.

8    75.    Colosimo denies the allegations contained in paragraph 75.

9    76.    Colosimo denies the allegations contained in paragraph 76.

10    77.    Colosimo denies the allegations contained in paragraph 77.

11    78.    Colosimo denies the allegations contained in paragraph 78.

12    79.    Colosimo denies the allegations contained in paragraph 79.

13    80.    Colosimo denies the allegations contained in paragraph 80, except it is without

14    knowledge or information sufficient to form a belief as to the truth of the allegation that Mrs. Bunch

15    "did not remember making the charges."

16    81.    Colosimo denies the allegations contained in paragraph 81.

17    82.    Colosimo denies the allegations contained in paragraph 82.

18    83.    Colosimo denies the allegations contained in paragraph 83.

19    84.    Colosimo denies the allegations contained in paragraph 84.

20    85.    Colosimo denies the allegations contained in paragraph 85.

21    86.    Colosimo denies the allegations contained in paragraph 86.

22    87.    Colosimo denies the allegations contained in paragraph 87.

23    88.    Colosimo denies the allegations contained in paragraph 88.

24    89.    Colosimo denies the allegations contained in paragraph 89.

25    90.    Colosimo denies the allegations contained in paragraph 90.

26    91.    Colosimo denies the allegations contained in paragraph 91.

27    92.    Colosimo denies the allegations contained in paragraph 91, except admits that certain

28    monies were wired to defendant First Choice Assets LLC.

DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND
DEMAND FOR JURY TRIAL

1    93.    Colosimo denies the allegations contained in paragraph 93, except admits that Plaintiffs

2    wired monies to First Choice Assets LLC in the amount of $6535.94, and is without knowledge or

3    information sufficient to form a belief as to the truth of the allegation that Mrs. Bunch "stayed at

4    Walmart for about a half an hour."

5    94.    Colosimo denies the allegations contained in paragraph 94, except is without knowledge

6    or information sufficient to form a belief as to the truth of the allegation that Mrs. Bunch had a dentist

7    appointment, was in pain, and had to have a tooth removed.

8    95.    Colosimo denies the allegations contained in paragraph 95, but is without knowledge or

9    information sufficient to form a belief as to the truth of the allegation that Mrs. Bunch was "finally

10   able to reach her husband who had been out of the country on business."

11   96.    Colosimo denies the allegations contained in paragraph 96.

12   97.    Colosimo denies the allegations contained in paragraph 97, but is without knowledge or

13   information sufficient to form a belief as to the truth of the allegations that Mrs. Bunch "went back to

14   Walmart in an effort to stop the Moneygram transfer to First Choice Assets, but it was too late."

15   98.    Colosimo denies the allegations contained in paragraph 98.

16   99.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

17   of the allegations in paragraph 99.

18   100.   Colosimo is without knowledge or information sufficient to form a belief as to the truth

19   of the allegations in paragraph 100.

20   101.   Colosimo denies the allegations contained in paragraph 101, except is  without

21   knowledge or information sufficient to form a belief as to the truth of the allegations that Mr. Bunch

22   called Mr. Johnson from overseas.

23   102.   Colosimo denies the allegations contained in paragraph 102.

24   103.   Colosimo denies the allegations contained in paragraph 103.

25   104.   Colosimo denies the allegations contained in paragraph 104.

26   105.   Colosimo admits that Mr. Johnson agreed to send documents to Plaintiffs to verify the

27   debt owed, but is without knowledge or formation sufficient to form a belief as to the truth of the

28   remainder of the allegations in paragraph 105.

DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND
DEMAND FOR JURY TRIAL

1    106.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

2    of the allegations in paragraph 106.

3    107.    Colosimo denies the allegations contained in paragraph 107.

4    108.    Colosimo denies the allegations contained in paragraph 108, but is without knowledge

5    or information sufficient to form a belief as to the truth of the allegation that Mr. Bunch "attempted to

6    contact government authorities."

7    109.    Colosimo denies the allegations contained in paragraph 109, but is without knowledge

8    or information sufficient to form a belief as to the truth of the allegation contained Mr. Bunch called

9    the Amherst New York Police Department at 4 a.m.

10    110.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

11    of the allegations in paragraph 110.

12    111.    Colosimo denies the allegations contained in paragraph 111, except is  without

13    knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Bunch

14    contacted Visa International and Chase Visa.

15    112.    Colosimo admits that Mr. Bunch called Delta Group on September 1, 2006, but denies

16    that he demanded his money back, and is without knowledge or information sufficient to form a belief

17    as to the truth of the allegation that Mr. Bunch called Delta Group from overseas.

18    113.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

19    of the allegations in paragraph 113.

20    114.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

21    of the allegations in paragraph 114.

22    115.    Colosimo denies the allegations contained in paragraph 115.

23    116.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

24    of the allegations in paragraph 116.

25    117.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

26    of the allegations in paragraph 117, except denies that there is an "affiliation" between defendant

27    Johnson and defendants Evans Law Associates and The Law Office of Jason J. Evans.

28

DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND
DEMAND FOR JURY TRIAL

118.    Colosimo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119.    Colosimo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.    Colosimo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121.    Colosimo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.

122.    Colosimo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122, but denies that Evans Law Associates, PC "helps" Delta Group collect money.

123.    Colosimo denies the allegations contained in paragraph 123.

124.    Colosimo denies the allegations to the extent that they pertain to Colosimo, and to the extent that they are directed to defendants other than Colosimo, no response from Colosimo is required.

125.    Colosimo denies the allegations contained in paragraph 125.

126.    Colosimo denies the allegations contained in paragraph 126.

127.    Colosimo denies the allegations contained in paragraph 127.

128.    Colosimo denies the allegations contained in paragraph 128.

129.    Colosimo denies the allegations contained in paragraph 129.

130.    Colosimo denies the allegations contained in paragraph 130.

131.    Colosimo denies the allegations contained in paragraph 131.

132.    Colosimo denies the allegations contained in paragraph 132.

133.    Colosimo denies the allegations contained in paragraph 133.

134.    Colosimo denies the allegations contained in paragraph 134.

135.    Colosimo denies the allegations contained in paragraph 135, except admit that defendant Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC did not return monies to Plaintiffs, however they deny that they are legally obligated to do so.

1          136.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

2    of the allegations in paragraph 136.

3          137.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

4    of the allegations in paragraph 137.

5          138.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

6    of the allegations in paragraph 138.

7          139.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

8    of the allegations in paragraph 139.

9          140.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

10   of the allegations in paragraph 140.

11         141.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

12   of the allegations in paragraph 141.

13         142.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

14   of the allegations in paragraph 142.

15         143.    Colosimo is without knowledge or information sufficient to form a belief as to the truth

16   of the allegations in paragraph 143.

17         144.    Colosimo denies the allegations contained in paragraph 144.

18         145.    Colosimo denies the allegations contained in paragraph 145.

19         146.    Colosimo denies the allegations contained in paragraph 146 to the extent that they

20   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

21         147.    Colosimo denies the allegations contained in paragraph 147 to the extent that they

22   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

23         148.    Colosimo denies the allegations contained in paragraph 148 to the extent that they

24   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

25         149.    Colosimo denies the allegations contained in paragraph 149 to the extent that they

26   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

27         150.    Colosimo denies the allegations contained in paragraph 150 to the extent that they

28   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

- 11 -

1    151.    Colosimo denies the allegations contained in paragraph 151 to the extent that they

2    pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

3    **V.    FIRST CAUSE OF ACTION – FDCPA**

4    152.    Colosimo repeats and realleges his responses to the previous allegations as if set forth at

5    length herein.

6    153.    Colosimo denies the allegations contained in paragraph 153 to the extent that they

7    pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

8    154.    Colosimo denies the allegations contained in paragraph 154 to the extent that they

9    pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

10    **VI.    SECOND CAUSE OF ACTION – ROSENTHAL FDCPA**

11    155.    Colosimo repeats and realleges its responses to the previous allegations as if set forth at

12    length herein.

13    156.    Colosimo denies the allegations contained in paragraph 156 to the extent that they

14    pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

15    157.    Colosimo denies the allegations contained in paragraph 157 to the extent that they

16    pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

17
18    **VII.    THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

19    158.    Colosimo repeats and realleges its responses to the previous allegations as if set forth at

20    length herein.

21    159.    Colosimo denies the allegations contained in paragraph 159 to the extent that they

22    pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

23    160.    Colosimo denies the allegations contained in paragraph 160 to the extent that they

24    pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

25    161.    Colosimo denies the allegations contained in paragraph 161 to the extent that they

26    pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

27
28

DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL

162.    Colosimo denies the allegations contained in paragraph 162 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

163.    Colosimo denies the allegations contained in paragraph 163 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

164.    Colosimo denies the allegations contained in paragraph 164 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

165.    Colosimo denies the allegations contained in paragraph 165 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

166.    Colosimo denies the allegations contained in paragraph 166 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

### VIII.    FOURTH CAUSE OF ACTION – INVASION OF PRIVACY

167.    Colosimo repeats and realleges its responses for the previous allegations as if set forth at length herein.

168.    Colosimo denies the allegations contained in paragraph 168 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

169.    Colosimo denies the allegations contained in paragraph 169 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

170.    Colosimo denies the allegations contained in paragraph 170 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

171.    Colosimo denies the allegations contained in paragraph 171 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

172.    Colosimo denies the allegations contained in paragraph 172 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

173.    Colosimo denies the allegations contained in paragraph 173 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

### IX.    FIFTH CAUSE OF ACTION - FRAUD

174.    Colosimo repeats and realleges its responses to the previous allegations as if set forth at length herein.

1    175.    Colosimo denies the allegations contained in paragraph 175 to the extent that they

2   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

3    176.    Colosimo denies the allegations contained in paragraph 176 to the extent that they

4   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

5    177.    Colosimo denies the allegations contained in paragraph 177 to the extent that they

6   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

7    178.    Colosimo denies the allegations contained in paragraph 178 to the extent that they

8   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

9    179.    Colosimo denies the allegations contained in paragraph 179 to the extent that they

10   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

11    180.    Colosimo denies the allegations contained in paragraph 180 to the extent that they

12   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

13    181.    Colosimo denies the allegations contained in paragraph 181 to the extent that they

14   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

15    182.    Colosimo denies the allegations contained in paragraph 182 to the extent that they

16   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

17    **X.    SIXTH CAUSE OF ACTION – CONVERSION**

18    183.    Colosimo repeats and realleges its responses to the previous allegations as if set forth at

19   length herein.

20    184.    Colosimo denies the allegations contained in paragraph 184 to the extent that they

21   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

22    185.    Colosimo denies the allegations contained in paragraph 185 to the extent that they

23   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

24    186.    Colosimo denies the allegations contained in paragraph 186 to the extent that they

25   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

26    187.    Colosimo denies the allegations contained in paragraph 187 to the extent that they

27   pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

28

DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND
DEMAND FOR JURY TRIAL

188.    Colosimo denies the allegations contained in paragraph 188 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

## XI.    SEVENTH CAUSE OF ACTION – UNJUST ENRICHMENT

189.    Colosimo repeats and realleges its responses to the previous allegations as if set forth at length herein.

190.    Colosimo denies the allegations contained in paragraph 190 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

191.    Colosimo denies the allegations contained in paragraph 191 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

## XII.    EIGHTH CAUSE OF ACTION – LIBEL

192.    Colosimo repeats and realleges its responses to the previous allegations as if set forth at length herein.

193.    The allegations contained in paragraph 17 are addressed to a defendant other than Colosimo, and no response from Colosimo is required.

194.    Colosimo denies the allegations contained in paragraph 194 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

195.    Colosimo denies the allegations contained in paragraph 195 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

## XIII.    NINTH CAUSE OF ACTION – TORT IN SE

196.    Colosimo repeats and realleges its responses to the previous allegations as if set forth at length herein.

197.    Colosimo denies the allegations contained in paragraph 197 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

198.    Colosimo denies the allegations contained in paragraph 198 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

199.    Colosimo denies the allegations contained in paragraph 199 to the extent that they pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

1    200.    Colosimo denies the allegations contained in paragraph 200 to the extent that they

2 pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

3    201.    Colosimo denies the allegations contained in paragraph 201 to the extent that they

4 pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

### XIV.    TENTH CAUSE OF ACTION – NEGLIGENT HIRING, RETENTION, SUPERVISION, TRAINING

5

6

7    202.    Colosimo repeats and realleges its response to the previous allegations as if set forth at

8 length herein.

9    203.    Colosimo denies the allegations contained in paragraph 203 to the extent that they

10 pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.\

11    204.    Colosimo denies the allegations contained in paragraph 204 to the extent that they

12 pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

13    205.    Colosimo denies the allegations contained in paragraph 205 to the extent that they

14 pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

### XV.    ELEVENTH CAUSE OF ACTION – CRIMINAL CONDUCT

15

16    206.    Colosimo repeats and realleges its responses to the previous allegations as if set forth at

17 length herein.

18    207.    Colosimo denies the allegations contained in paragraph 207 to the extent that they

19 pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

20    208.    Colosimo denies the allegations contained in paragraph 208 to the extent that they

21 pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

22    209.    Colosimo denies the allegations contained in paragraph 209 to the extent that they

23 pertain to Colosimo, Delta Group, Joseph Ortiz & Epstein LLC and First Choice Assets LLC.

### AFFIRMATIVE DEFENSES

24

### FIRST AFFIRMATIVE DEFENSE

25

26    210.    The Complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

27

28    211.    The Complaint is barred, in whole or in part, by Plaintiffs' failure to mitigate their

- 16 -

1 │ damages, if any.

2 │ ### THIRD AFFIRMATIVE DEFENSE

3 │ 212.    The Complaint is barred, in whole or in part, as a result of Plaintiffs' unclean hands.

4 │ ### FOURTH AFFIRMATIVE DEFENSE

5 │ 213.    The Complaint is barred, in whole or in part, by the doctrines of waiver and estoppel.

6 │ ### FIFTH AFFIRMATIVE DEFENSE

7 │ 214.    The information provided on the Form 1099 was true or substantially true.

8 │ ### SIXTH AFFIRMATIVE DEFENSE

9 │ 215.    Defendant alleges that the Complaint, and each cause of action therein, is barred by the
10 │ applicable statute of limitations, including but not limited to 15 U.S.C. § 1692k(d) (FDCPA), Cal. Civ.
11 │ Code. § 1788.20(f) (Rosenthal FDCPA)..

12 │ ### SEVENTH AFFIRMATIVE DEFENSE

13 │ 216.    Defendant alleges that Plaintiffs themselves were negligent, careless, and/or committed
14 │ intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness
15 │ and/or intentional acts caused and/or contributed to their injuries and/or damages.

16 │ ### EIGHTH AFFIRMATIVE DEFENSE

17 │ 218.    Defendant alleges that other persons and parties were careless and/or negligent, and/or
18 │ committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately
19 │ contributed to the happening of the incidents referred to in the Complaint, and to the extent said
20 │ negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages,
21 │ then the damages alleged against this Defendant should be reduced or eliminated.

22 │ ### NINTH AFFIRMATIVE DEFENSE

23 │ 219.    Defendant alleges that Plaintiffs failed and neglected to use reasonable care to protect
24 │ themselves and to minimize and/or mitigate the losses and/or damages asserted in the complaint.

25 │ ### TENTH AFFIRMATIVE DEFENSE

26 │ 220.    Defendant alleges that all of their actions were taken in good faith and with a reasonable
27 │ belief that such actions were legal, appropriate and necessary.

28 │ ### ELEVENTH AFFIRMATIVE DEFENSE

- 17 -

1    221.    Defendant alleges that it has no civil liability under the FDCPA, 15 U.S.C. § 1692, *et*

2  *seq.*, or Rosenthal FDCPA, pursuant to 15 U.S.C. § 1692k(c) and California Civil Code § 1788.30(e)

3  as any violation was unintentional and resulted from the maintenance of procedures reasonably

4  adopted to avoid any such violation.

5  **TWELFTH AFFIRMATIVE DEFENSE**

6    222.    Defendant alleges that Plaintiffs' Complaint, and each and every cause of action therein,

7  is barred by the privilege embodied either in California Civil Code § 47(c), or arising under federal and

8  state common law.

9  **THIRTEENTH AFFIRMATIVE DEFENSE**

10    223.    Defendant alleges that the representations or statements made by Defendant were true,

11  accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to

12  their truth, validity and accuracy.

13  **FOURTEENTH AFFIRMATIVE DEFENSE**

14    224.    Defendant alleges that it acted lawfully and intended to take any and all action

15  contemplated, as represented to Plaintiffs, whether expressly allowed by contract or permitted by law.

16  **FIFTEENTH AFFIRMATIVE DEFENSE**

17    225.    Defendant alleges that any acts of this Defendant were performed in good faith in

18  conformity with advisory opinions of the Federal Trade Commission pursuant to 15 U.S.C. § 1692k(e).

19  **SIXTEENTH AFFIRMATIVE DEFENSE**

20    226.    Defendant hereby allege the following affirmative defenses, including, but not limited

21  to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time:

22  assumption of risk, contributory negligence, setoff, duress, failure of consideration, fraud, illegality,

23  license, failure to join an indispensable party, and abatement.

24  **SEVENTEENTH AFFIRMATIVE DEFENSE**

25    227.    Defendant alleges that with respect to Plaintiffs' alleged claim for punitive damages, the

26  decisions of law allowing recovery of punitive damages, if applied in this case, would contravene the

27  Defendant's constitutional rights to substantive and procedural due process of law as preserved for this

28  Defendant by the Fourteenth Amendment of the United States Constitution, and further would

DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND
DEMAND FOR JURY TRIAL

1  constitute a denial by this Court of this Defendant's constitutional right to equal protection under the

2  law as provided by the Fourteenth Amendment; and further would constitute cruel and unusual

3  punishment, as well as an excessive fine as proscribed by the Eighth Amendment; and further would

4  constitute a taking of private property for public use without just compensation, and such taking would

5  contravene this Defendant's constitutional rights preserved by the Fourteenth Amendment.

6       **WHEREFORE**, Defendant prays for:

7       1.    That Plaintiffs take nothing from Defendant by this Complaint;

8       2.    That Defendant be awarded judgment in this action;

9       3.    For attorney's fees incurred herein, pursuant to statute;

10      4.    For costs of suit incurred herein; and

11      5.    For such other and further relief as the Court deems proper.

12  Dated: October 9, 2007

                              ELLIS, COLEMAN, POIRIER, LAVOIE, &
13                            STEINHEIMER LLP

14

15                          By /s June D. Coleman_____
                              June D. Coleman
16                            Attorney for Defendants DIVERSE FUNDING
                              ASSOCIATES, LLC, JASON EVANS, EVANS
17                            LAW ASSOCIATES, P.C., FIRST CHOICE ASSETS
                              LLC, DELTA GROUP, JOSEPH COLOSIMO AND
18                            JOSEPH ORTIZ & EPSTEIN LLC

19

20

21

22

23

24

25

26

27

28

DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND
DEMAND FOR JURY TRIAL

1

## DEMAND FOR JURY TRIAL

2

Defendant JOSEPH COLOSIMO, hereby demands a jury trial in this matter.

3

Dated:  October 9, 2007                    ELLIS, COLEMAN, POIRIER, LAVOIE, &
                                                          STEINHEIMER LLP

4

5

6

By /s June D. Coleman _____
     June D. Coleman

7

     Attorney for Defendants DIVERSE FUNDING
     ASSOCIATES, LLC, JASON EVANS, EVANS

8

     LAW ASSOCIATES, P.C., FIRST CHOICE ASSETS
     LLC, DELTA GROUP, JOSEPH COLOSIMO AND

9

     JOSEPH ORTIZ & EPSTEIN LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND
DEMAND FOR JURY TRIAL

1    **CERTIFICATE OF SERVICE**

2    I, Jennifer E. Mueller, declare:

3    I am a citizen of the United States, am over the age of eighteen years, and am not a party to or

4    interested in the within entitled cause.  My business address is 555 University Avenue, Suite 200 East,

5    Sacramento, CA 95825.

6    On October 9, 2007, I served the following document(s) on the parties in the within action:

7    **DEFENDANT JOSEPH COLOSIMO'S ANSWER TO PLAINTIFF'S FIRST AMENDED
     COMPLAINT; AND DEMAND FOR JURY TRIAL**

8

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**:  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |

| | |
|---|---|
| Joseph Mauro<br>Law Offices of Joseph Mauro, LLC<br>631 Montauk Hwy,<br>Suite 6<br>West Islip, NY 11795 | Attorneys for Plaintiffs<br>HELEN BUNCH and BRAD BUNCH |
| Ronald Wilcox<br>2160 The Alameda<br>First Floor, Suite F<br>San Jose, CA 95126 | Attorneys for Plaintiffs<br>HELEN BUNCH and BRAD BUNCH |

18

19    I declare under penalty of perjury under the laws of the State of California that the foregoing is

20    a true and correct statement and that this Certificate was executed on October 9, 2007.

21                                    By _____
22                                         Jennifer E. Mueller

23

24

25

26

27

28

-21-