Cindy D. Salvo
THE SALVO LAW FIRM, P.C.
101 Eisenhower Parkway, Suite 300
Roseland, New Jersey 07068
(973) 795-1228
(973) 228-6492 (fax)
Attorney for Defendants (Admitted pro hac vice)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

------------------------------------------------x

HELEN BUNCH and BRAD BUNCH,      :
                                                            :
    Plaintiffs,                                 :    Case No. 07-3731 (JW) (RS)
                                                            :
    v.                                                :
                                                            :
DIVERSE FUNDING ASSOCIATES, LLC;:
JOSEPH ORTIZ & EPSTEIN, LLC;     :    **NOTICE OF MOTION TO**
DELTA GROUP; JOSEPH COLISIMO;    :    **QUASH SUBPOENAS**
WILLIAM "BILL" JOHNSON;          :
JASON J. EVANS LAW ASSOCIATES,   :    DATE:   May 13, 2008
PC;  THE LAW OFFICE OF JASON J.  :    TIME:   9:30 a.m.
EVANS, PC; AND FIRST CHOICE      :    COURTROOM: 4
ASSETS, LLC                      :    :
                                                            :
    Defendants.                               :
------------------------------------------------x

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on May 13, 2008 at 9:30 a.m. in Courtroom 4 of the above-entitled

Court, the motion of Defendants Diverse Funding Associates LLC, Joseph Ortiz & Epstein LLC d/b/a

Delta Group, Jason J. Evans, The Law Office of Jason J. Evans PC, Evans Law Associates PC and

First Choice Assets LLC (collectively "Defendants") to quash subpoenas served by Plaintiffs on HSBC

-1-

D

1  Bank will be heard.  Said motion is based on the ground that the subpoenas seek financial and banking

2  information which is confidential and irrelevant to this case.

3      This motion is further based on this Notice, the attached Memorandum of Points and

4  Authorities, the Declaration of Daniel Mendez, Declaration of Jason J. Evans and Declaration of

5  Joseph Colosimo, and on such other oral and documentary evidence as may be presented at the hearing

6  of this matter.

7  Dated: April 14, 2008

           THE SALVO LAW FIRM, P.C.

8

9             By: /s Cindy D. Salvo_____

10             Attorneys for Defendants (pro hac vice)

11             101 Eisenhower Parkway, Suite 300
           Roseland, New Jersey  07068
12             (973) 795-1228
           (973) 228-6492 (fax)
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Cindy D. Salvo, hereby declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 101 Eisenhower Parkway, Suite 300, Roseland, New Jersey 07068. .

On April 14, 2008, I served the following document(s) on the parties in the within action by ECF and facsimile as follows:    Notice of Motion, Memorandum of Law, Declaration of Daniel Mendez, Declaration of Jason J. Evans, Declaration of Joseph Colosimo, Proposed Order:

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**:  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |

| | |
|---|---|
| Ronald Wilcox, Esq.<br>2160 The Alameda, First Floor, Suite F<br>San Jose, CA 95126<br>408-296-0486 (fax) | Attorneys for Plaintiffs |
| Joseph Mauro, Esq.<br>631 Montauk Highway, Suite 6<br>West Islip, NY 11795<br>631-669-5071 (fax) | Attorneys for Plaintiffs |

I declare under penalty of perjury under the laws of the States of California and New Jersey that the foregoing is a true and correct statement and that this Certificate was executed on April 14, 2008.

_____
CINDY D. SALVO

Cindy D. Salvo
THE SALVO LAW FIRM, P.C.
101 Eisenhower Parkway, Suite 300
Roseland, New Jersey 07068
(973) 795-1228
(973) 228-6492 (fax)
Attorney for Defendants (Admitted pro hac vice)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

```
-----------------------------------------------x
HELEN BUNCH and BRAD BUNCH,          :
                                     :
        Plaintiffs,                  :          Case No. 07-3731 (JW) (RS)
                                     :
        v.                           :
                                     :
DIVERSE FUNDING ASSOCIATES, LLC;     :
JOSEPH ORTIZ & EPSTEIN, LLC;         :
DELTA GROUP; JOSEPH COLISIMO;        :
WILLIAM "BILL" JOHNSON;              :
JASON J. EVANS LAW ASSOCIATES,       :
PC;   THE LAW OFFICE OF JASON J.     :
EVANS, PC; AND FIRST CHOICE          :
ASSETS, LLC              :           :
                                     :
        Defendants.                  :
-----------------------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENAS BY DEFENDANTS DIVERSE FUNDING ASSOCIATES, LLC, JOSEPH ORTIZ & EPSTEIN, LLC d/b/a DELTA GROUP, JASON J. EVANS, EVANS LAW ASSOCIATES, THE LAW OFFICE OF JASON J. EVANS, P.C. AND FIRST CHOICE ASSETS, LLC.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………................................................ii

PRELIMINARY STATEMENT…………………………................................................2

STATEMENT OF FACTS……………………………………………………….3

LEGAL ARGUMENT………………………………………………………….....5

      I.     THE SUBPOENAS SHOULD BE QUASHED AS THE
              INFORMATION REQUESTED IS NOT RELEVANT TO THE
              CASE……………………………………………………….……………..5

      II.    THE SUBPOENAS SHOULD BE QUASHED AS THEY ARE
              UNDULY BURDENSOME AND OPPRESSIVE………………………6

      III.   DEFENDANTS' RIGHT TO PRIVACY OVER CONFIDENTIAL
              FINANCIAL INFORMATION IS PROTECTED BY FEDERAL
              PRECEDENT……………………………………………………….7

      IV.   DEFENDANTS' PRIVACY RIGHTS ARE PROTECTED UNDER
              CALIFORNIA LAW…………………………………………...…8

CONCLUSION………………………………………………………………..11

i

# TABLE OF AUTHORITIES

## Cases

Ameri-Medical Corp. v. Workers' Comp. Appeals Bd.,
   42 Cal. App.4th 1260 (1996) .................................................................................9

Anderson v. Abercrombie and Fitch Co.
   2007 U.S. Dist. LEXIS 47794 (S.D. Cal. July 2, 2007) .....................................2, 5, 6

Breed v. United States Dist. Ct. for N.D.
   542 F.2d 1114 (9th Cir. 1976) ..............................................................................7

Charles O. Bradley Trust v. Zenith Capital LLC
   2006 U.S. Dist. LEXIS 21671 (N.D. Cal. March 24, 2006) ..................................7-8

Compaq Computer Corp. v. Packard Bell Electr., Inc.
   163 F.R.D. 329 (N.D. Cal. 1995) ..........................................................................6

Cook v. Yellow Freight Sys., Inc.
   132 F.R.D. 548 (E.D. Cal. 1990) ...........................................................................7

Fein v. Numex Corp.
   92 F.R.D. 94 (S.D.N.Y. 1981) ..............................................................................7

Johnson by Johnson v. Thompson
   971 F.2d 1487 (10th Cir. 1992), *cert. den.*, 507 U.S. 910 (1993) ...............................7

Kelly v. City of San Jose
   114 F.R.D. 653 (N.D. Cal. 1987) ...........................................................................9

Mattel, Inc. v. Walking Mountain Prods.
   353 F.3d 792 (9th Cir. 2003) ................................................................................6

New York State Energy Research v. Nuclear Fuel Services
   97 F.R.D. 709 (W.D.N.Y. 1983) ...........................................................................6

Pagano v. Oroville Hosp.
   145 F.R.D. 683 (E.D. Cal. 1993) ...........................................................................8

Ryan v. Editions Ltd. West, Inc.,
   2007 U.S. Dist. LEXIS 62725 (D. Cal. August 14, 2007) ......................................2, 7

Saca v. J.P. Molyneux Studio, Ltd.
   2008 U.S. Dist. LEXIS 3857 (E.D.Cal. January 3, 2008) .........................................8

Shields Enterprises, Inc. v. First Chicago Corp.
   1998 U.S. Dist. LEXIS 14950 (N.D. Ill. December 28, 1988) ................................. 6-7

Soto v. City of Concord
   162 F.R.D. 603 (N.D. Cal. 1995) .................................................................................7, 9

United States v. Hubbard
   208 U.S. App. D.C. 399 (D.C. Cir. 1980) .......................................................... 9-10

Valley Bank of Nevada v. Superior Court of San Joaquin County
   15 Cal.3d 652 (1975) ......................................................................................................9, 10

Wheeler v. Thomas F. White & Co., Inc.
   1998 WL 239266 (C.D. Cal. March 19, 1998) ............................................................4

Whittall v. Henry Schein, Inc.
   2006 U.S. Dist. LEXIS 96622 (E.D. Cal. April 5, 2006) ............................... 5, 8, 9, 10

White v. Davis
   13 Cal.3d 757 (1975) ....................................................................................................... 8-9

## Rules and Statutes

Federal Rule of Civil Procedure 26(b)(1)....................................................................5

Federal Rule of Civil Procedure 45(c)(3)....................................................................5

Cal. Const., Art. I., Sect. 1...........................................................................................8

Defendants Joseph Ortiz & Epstein LLC d/b/a Delta Group, First Choice Assets LLC, The Law Office of Jason J. Evans P.C., Evans Law Associates P.C., Jason J. Evans, individually and Diverse Funding LLC respectfully submit this memorandum of law in support of their motion to quash subpoenas issued to HSBC Bank by Plaintiffs.

## PRELIMINARY STATEMENT

Plaintiffs served HSBC Bank in upstate New York[1] with seven subpoenas, seeking the confidential financial information and banking records of defendants Joseph Ortiz & Epstein d/b/a Delta Group ("Joseph Ortiz"), First Choice Assets, LLC ("First Choice"), The Law Office of Jason J. Evans, P.C. ("The Law Office"), Evans Law Associates, P.C. ("Evans Law"), Jason J. Evans individually ("Evans") and Diverse Funding Associates, LLC ("Diverse Funding") (collectively, "Defendants").    The Subpoenas are improper under the Federal Rules of Civil Procedure as Defendants' respective financial conditions have no relevance to the claims or defenses in this matter.

Because the information sought by Plaintiffs is irrelevant, the Subpoenas are unduly burdensome as a matter of law. "[A] subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of the litigation." Anderson v. Abercrombie and Fitch Co., et al., 2007 U.S. Dist. LEXIS 47794, *5 (S.D. Cal. July 2, 2007).  In addition, the Subpoenas seek information that is a direct invasion of these parties' right to privacy. "[F]ederal courts generally treat financial information as private." Ryan v. Editions Ltd. West, Inc., 2007 U.S. Dist. LEXIS 62725 at *9 (D. Cal., August 14, 2007).

---

[1] The Subpoenas should have been issued by the Northern District of New York as the bank served is in Buffalo, New York.  Inexplicably, Plaintiffs issued the Subpoenas from this Court instead.  A telephone call to the Legal Department at HSBC Bank indicated that HSBC intended to comply with the Subpoenas, however, if they were not quashed.

Because the Subpoenas seek irrelevant and confidential information, the Court is compelled to grant Defendants' motion to quash the Subpoenas.

## STATEMENT OF FACTS

This case concerns a purported violation of the Fair Debt Collection Practices Act ("FDCPA") allegedly committed by defendant William Johnson, a former employee of defendant Joseph Ortiz.    See First Amended Complaint (the "Complaint").    The Complaint alleges that Mr. Johnson called Plaintiffs and threatened to arrest them if they did not immediately pay an outstanding debt. This allegedly frightened Plaintiff Helen Bunch and caused her to wire the money to defendant First Choice. If the allegation is true, Mr. Johnson's actions certainly violate the FDCPA, despite Joseph Ortiz's concerted efforts to adequately train its employees to comply with the FDCPA. See Declaration of Joseph Colosimo ("Colosimo Decl."), ¶ 2. Mr. Johnson has since been fired. Id. However, the financial information of Joseph Ortiz and First Choice clearly has no relevance to the claims or defenses in this case.

Defendant Diverse Funding committed no FDCPA violation as it played no role whatsoever in the challenged behavior. Diverse Funding is not a debt collector. See Declaration of Daniel Mendez ("Mendez Decl."), ¶2. It is a purchaser of debt. Id. It purchased Plaintiffs' debt, at all times believing that it was a legitimate debt, and placed the debt for collection with Joseph Ortiz. Id. Diverse Funding never had telephone contact with Plaintiffs. Id. at ¶3. Nor did it play any role in Plaintiffs' decision to wire money to First Choice. Id. Diverse Funding's only action towards Plaintiffs was to mail them an IRS Form 1099. Id. at ¶4. Sending a Form 1099 cannot form the basis for

liability as a matter of law.[2]  Diverse Funding's confidential financial information certainly has no bearing on the claim against Diverse Funding, nor on Diverse Funding's defenses to that claim.

Like Diverse Funding, defendants The Law Office, Evans Law and Evans (collectively, the "Evans' Entities") are improper defendants.  None of the Evans' Entities acted in any manner toward Plaintiffs.  Id.  The Complaint reflects this fact as the only allegations as to the Evans' Entities is that Plaintiff Brad Bunch purported took it upon himself to call Evans Law (in an apparent "fishing expedition" to determine if there were more entities that he could sue) and the person answering the telephone was allegedly able to "pull up" the Bunch account on her computer.  See Complaint.  That is physically impossible, as the Evans Entities have no access to Joseph Ortiz's or First Choice Asset's computer files.  Evans Decl., ¶4.  The Evans' Entities are in no way affiliated with Joseph Ortiz or First Choice.  Id. at ¶3.  Even if they were affiliated, however, the Evans' Entities committed no FDCPA violation against Plaintiffs.  Even the Complaint concedes that the person answering the telephone at Evans Law informed him that the debt "wasn't really in her office" so she "couldn't help."  See Complaint.  Evans Law did not attempt to collect this debt, never owned this debt, and has no affiliation with Joseph Ortiz or First Choice.  Evans Decl., ¶2-4.  Clearly, the confidential information sought by Plaintiffs as to the Evans' Entities has no relevance to the claims and defenses in this case.

Because none of the Subpoenas are seeking relevant information, and all information sought is confidential and entitled to a right of privacy, the Subpoenas should be quashed.

---

[2]  See Wheeler v. Thomas F. White & Co., Inc., 1998 WL 239266, *5 (C.D. Cal. March 19, 1998).

## LEGAL ARGUMENT

### I.

### THE SUBPOENAS SHOULD BE QUASHED AS THE INFORMATION REQUESTED IS NOT RELEVANT TO THE CASE

The Federal Rules of Civil Procedure (the "Rules") only permit discovery of information relevant to the case at hand. Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" (emphasis added).

In an attempt to discourage "fishing expeditions" by litigants, the Rules limit discovery to only those claims and defenses presented in the pleadings.

> The advisory committee comments make clear that the intent of the amendment [to Fed. R. Civ. P. 26(b)(1)] was to narrow the scope of discovery: "The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."

Whittall v. Henry Schein, Inc., et al, 2006 U.S. Dist. LEXIS 96622 (E.D. Cal. April 5, 2006) at *7-8.

Finally, while "irrelevance" is not listed as a reason to quash a subpoena under Rule 45(c)(3), federal courts have considered whether the information requested is relevant in deciding a motion to quash. "[A]lthough irrelevance is not among the enumerated reasons for quashing a subpoena under Rule 45(c)(3), federal courts have incorporated relevance as a factor to be considered when ruling on motions to quash." Anderson v. Abercrombie and Fitch Co., et al., 2007 U.S. Dist. LEXIS 47794 at *6 (S.D. Cal. July 2, 2007).

The Subpoenas demand "account statements ... including deposit or savings

accounts" and "any and all loan applications and financial statements provided" by or on behalf of the Defendants. Plaintiffs' claims and Defendants' defenses do not address or involve Defendants' own financial dealings or financial information. Therefore, the information sought in the Subpoenas cannot be reasonably calculated to lead to the discovery of admissible evidence. Accordingly, because the information sought by the Subpoenas is not relevant, the Subpoenas should be quashed.

## II.

### THE SUBPOENAS SHOULD BE QUASHED AS THEY ARE UNDULY BURDENSOME AND OPPRESSIVE

Responding to an irrelevant discovery request is inherently unduly burdensome. "[A] subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of the litigation." Anderson v. Abercrombie at *5. See also Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 813-14 (9th Cir. 2003) (holding subpoenas properly quashed where their overbreadth led the court to conclude that subpoenas were "served for the purpose of annoying and harassment and not really for the purpose of getting information"). As another District Court judge found,

> Obviously, if the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed upon [a party to produce such documents] would be by definition "undue".

Compaq Computer Corp. v. Packard Bell Electr., Inc., 163 F.R.D. 329 at 335-336 (N.D. Cal.) (1995) (emphasis in original). See also New York State Energy Research v. Nuclear Fuel Services, 97 F.R.D. 709, 712 (W.D.N.Y. 1983) (Elfvin, J.); Shields Enterprises Inc. v. First Chicago Corp., 1988 U.S. Dist. LEXIS 14950, 1988 WL 142200

(N.D. Ill., December 28, 1988), and Fein v. Numex Corp., 92 F.R.D. 94, 96 (S.D.N.Y. 1981) ("It is difficult to imagine a considered evaluation of burdensomeness in the abstract, without balancing the degree of burdensomeness against the extent to which the discovery sought is relevant to the issue in the litigation").  As the information sought in the Subpoenas is unduly burdensome and oppressive, the Subpoenas should be quashed.

## III.

### DEFENDANTS' RIGHT TO PRIVACY OVER CONFIDENTIAL FINANCIAL INFORMATION IS PROTECTED BY FEDERAL PRECEDENT

Federal courts ordinarily recognize that a constitutionally-based right of privacy can be raised in response to a discovery request. Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal) (1995).  See also Breed v. United States Dist. Ct. for Northern District, 542 F.2d 1114, 1116 (9th Cir. 1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992), cert. den. 507 U.S. 910, 122 L. Ed. 2d 654, 113 S. Ct. 1255 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 550-51 (E.D. Cal. 1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

This is particularly true when the information sought is confidential financial information.  "Although there is no federal common law privilege akin to the right of privacy, federal courts generally treat financial information as private." Ryan v. Editions Ltd. West, Inc., 2007 U.S. Dist. LEXIS 62725 at *9 (D. Cal., August 14, 2007). See also Charles O. Bradley Trust v. Zenith Capital LLC, 2006 U.S. Dist. LEXIS 21671 at *2

(N.D. Cal, March 24, 2006) ("Private financial records are normally entitled to privacy protections.").

Here, the Court is required to balance the Defendants' right to privacy and the undue burden in producing the requested irrelevant information against the purported "need" of the Plaintiffs for this information.

> Balancing of competing interests is underscored by the overall balancing provisions contained within Rule 26(b), Federal Rules of Civil Procedure. This Rule allows the court on its own initiative to limit discovery based, *inter alia,* on the needs of the case, the importance of the issues at stake, and undue burden.

Saca v. J.P. Molyneux Studio Ltd., 2008 U.S. Dist LEXIS 3857 at *12 (E.D. Cal., January 3, 2008), (citing Pagano v. Oroville Hosp., 145 F.R.D. 683, 698 (E.D. Cal.) (1993)).

As the information requested by Plaintiffs is not relevant to the case, the Court should find that Defendants' right to privacy is stronger than the Plaintiffs' claimed need for this information.

## IV.

## DEFENDANTS' PRIVACY RIGHTS ARE PROTECTED UNDER CALIFORNIA LAW

The California Constitution was amended in 1974 to guarantee that all people have an innate right to privacy. "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety and happiness, and privacy." Cal. Const., Art. I, Sect. I (cited in Whittall v. Schein, supra at *8.)

One of the primary concerns behind the amendment was the ability of the individual to control dissemination of his personal information. "The drive behind the constitutional amendment was an acknowledgment that [f]undamental to our privacy is

the ability to control circulation of information." White v. Davis, 13 Cal. 3d 757, 774 (1975).  Personal financial information comes within the zone of privacy protected by article I, section 1 of the California Constitution.    Valley Bank of Nevada v. Superior Court of San Joaquin County, 15 Cal. 3d 652, 656 (1975) ("[W]e may safely assume that the right of privacy extends to one's confidential financial affairs").

The Court should consider privacy rights protected by California's constitution in determining whether the Subpoenas should be quashed. "Federal courts should give some weight to privacy rights that are protected by state constitutions or statutes." Soto v. City of Concord supra 162 F.R.D. at 616 (citing Kelly v. City of San Jose, 114 F.R.D. 653 at 656 (N.D. Cal. 1987)).

Because the privacy rights of individuals are strongly protected under California law, the Subpoena issued against Jason J. Evans, who was sued as an individual, should be quashed.  "The right to privacy of individuals ... is a powerful privilege under California law." Whittall v. Schein, supra at *10.

While claims of privacy privilege on behalf of a company are not based on the California constitution, they are still entitled to a right of privacy.  "Although corporations have a lesser right to privacy than human beings and are not entitled to claim a right to privacy in terms of a fundamental right, some right to privacy exists. Privacy rights accorded artificial entities are not stagnant, but depend on the circumstances." Whittall v. Schein supra at *8 (citing Ameri-Medical Corp. v. Workers' Comp. Appeals Bd., 42 Cal. App. 4th 1260, 1287-88, 50 Cal. Rptr. 2d 366, 383-84 (1996).  See also United States v. Hubbard, 208 U.S. App. D.C. 399, 650 F.2d 293 (D.C.Cir.1980) ("[W]e think one cannot draw a bright line at the corporate structure....

the nature of the interest sought to be protected will determine the question whether under given facts the corporation per se has a protectible privacy interest.").

The Court should balance the competing interests of the parties to determine whether Defendants' private financial information should be subject to subpoena. Whittall v. Schein, supra at *11; Valley Bank v. Superior Court, at 656. As stated above, Defendants' privacy interests, together with the undue burden of producing irrelevant private information, must be weighed against the Plaintiffs' alleged "need" for the information. As the information requested from Defendants is not only private, but irrelevant to the issues in this case, the Court is compelled to grant the Defendants' motion to quash these subpoenas.

## CONCLUSION

For the reasons discussed in detail above, the Court should grant Defendants' motion to quash the Subpoenas.

Dated:  April 14, 2008                              THE SALVO LAW FIRM, P.C.

                                                    By: /s Cindy D. Salvo_____

                                                    Attorneys for Defendants (pro hac vice)

                                                    101 Eisenhower Parkway, Suite 300
                                                    Roseland, New Jersey  07068
                                                    (973) 795-1228

Cindy D. Salvo
THE SALVO LAW FIRM, P.C.
101 Eisenhower Parkway, Suite 300
Roseland, New Jersey 07068
(973) 795-1228
(973) 228-6492 (fax)
Attorney for Defendants (Admitted pro hac vice)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

-------------------------------------------------------x

HELEN BUNCH and BRAD BUNCH,          :
                                     :
        Plaintiffs,                  :          Case No. 07-3731 (JW) (RS)
                                     :
        v.                           :
                                     :
DIVERSE FUNDING ASSOCIATES, LLC;:
JOSEPH ORTIZ & EPSTEIN, LLC;         :          **DECLARATION OF DEFENDANT**
DELTA GROUP; JOSEPH COLISIMO;        :          **JASON J. EVANS IN SUPPORT**
WILLIAM "BILL" JOHNSON;              :          **OF DEFENDANTS' MOTION TO**
JASON J. EVANS LAW ASSOCIATES,       :          **QUASH SUBPOENAS**
PC;  THE LAW OFFICE OF JASON J.      :
EVANS, PC; AND FIRST CHOICE          :
ASSETS, LLC          :               :
                                     :
        Defendants.                  :
-------------------------------------------------------x

JASON J. EVANS, pursuant to 28 U.S.C. § 1746, being of full age, hereby

declares as follows:

        1.    I am a defendant in the above-captioned matter.  I also am the sole

shareholder in defendants The Law Office of Jason J. Evans, P.C. (the "Law Office") and

Evans Law Associates ("Evans Law").  I am an attorney licensed to practice law in the

State of New York.  I respectfully submit this Declaration in support of Defendants'

motion to quash subpoenas.

2. Neither the Law Office, Evans Law, nor I (collectively, the "Evans Entities") acted in any manner with respect to the Plaintiffs in this case. None of the Evans' Entities owned Plaintiffs' debt nor attempted to collect Plaintiffs' debt at any time.

3. The Evans Entities are not affiliated with defendants Joseph Ortiz & Epstein LLC d/b/a Delta Group ("Joseph Ortiz"), Diverse Funding or First Choice Assets.

4. It is highly doubtful that any employee of the Law Office or Evans Law informed Plaintiffs that he or she was able to access information concerning the Bunch's account on his or her computer screen as neither the Law Office nor Evans Law maintains such files on its computers.

5. There is no legitimate reason for Plaintiffs to be allowed access to the Evans Entities' confidential financial information and bank records. Such information is irrelevant to the issues in this case, and is an unnecessary and improper invasion of privacy. We thus respectfully request that the Court quash the Subpoenas.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2008

JASON J. EVANS

2

Cindy D. Salvo
THE SALVO LAW FIRM, P.C.
101 Eisenhower Parkway, Suite 300
Roseland, New Jersey 07068
(973) 795-1228
(973) 228-6492 (fax)
Attorney for Defendants (Admitted pro hac vice)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

```
-----------------------------------------------------x
HELEN BUNCH and BRAD BUNCH,           :
                                      :
        Plaintiffs,                   :        Case No. 07-3731 (JW) (RS)
                                      :
    v.                                :
                                      :
DIVERSE FUNDING ASSOCIATES, LLC;:
JOSEPH ORTIZ & EPSTEIN, LLC;          :    DECLARATION OF DANIEL
DELTA GROUP; JOSEPH COLISIMO;         :    MENDEZ IN SUPPORT OF
WILLIAM "BILL" JOHNSON;               :    DEFENDANTS' MOTION TO
JASON J. EVANS LAW ASSOCIATES,        :    QUASH SUBPOENAS
PC;  THE LAW OFFICE OF JASON J.       :
EVANS, PC; AND FIRST CHOICE           :
ASSETS, LLC              :            :
                                      :
        Defendants.                   :
-----------------------------------------------------x
```

DANIEL MENDEZ, pursuant to 28 U.S.C. § 1746, being of full age, hereby declares as follows:

1.    I am the sole shareholder of defendant Diverse Funding Associates, LLC ("Diverse Funding"), and a partial owner of defendant First Choice Assets, LLC ("First Choice").  I respectfully submit this Declaration in support of Defendants' motion to quash subpoenas.

2.    Diverse Funding is not a debt collector. Rather, it is a purchaser of debt. It purchased Bunch's debt which Diverse Funding, at all times, believed to be a legitimate debt. It placed this debt for collection with defendant Joseph, Ortiz & Epstein d/b/a Delta Group ("Joseph Ortiz").

3.    Diverse Funding never had telephone contact with Plaintiffs. Nor did it play any role in Plaintiffs' decision to wire money to First Choice.

4.    The only information ever mailed to Plaintiffs was an IRS Form 1099. We are required by law to mail this form to Plaintiffs.

5.    There is no legitimate reason for Plaintiffs to be allowed access to Diverse Funding's confidential financial information and bank records. Such information is irrelevant to the issues in this case, and is an unnecessary and improper invasion of privacy.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2008

DANIEL MÉNDEZ

2

Cindy D. Salvo
THE SALVO LAW FIRM, P.C.
101 Eisenhower Parkway, Suite 300
Roseland, New Jersey 07068
(973) 795-1228
(973) 228-6492 (fax)
Attorney for Defendants (Admitted pro hac vice)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

```
--------------------------------------------------x
HELEN BUNCH and BRAD BUNCH,              :
                                         :
            Plaintiffs,                  :        Case No. 07-3731 (JW) (RS)
                                         :
      v.                                 :
                                         :
DIVERSE FUNDING ASSOCIATES, LLC; :
JOSEPH ORTIZ & EPSTEIN, LLC;             :        DECLARATION OF DEFENDANT
DELTA GROUP; JOSEPH COLISIMO;            :        JOSEPH COLOSIMO IN SUPPORT
WILLIAM "BILL" JOHNSON;                  :        OF DEFENDANTS' MOTION TO
JASON J. EVANS LAW ASSOCIATES,           :        QUASH SUBPOENAS
PC;  THE LAW OFFICE OF JASON J.          :
EVANS, PC; AND FIRST CHOICE             :
ASSETS, LLC                 :            :
                                         :
            Defendants.                  :
--------------------------------------------------x
```

JOSEPH COLOSIMO, pursuant to 28 U.S.C. § 1746, being of full age, hereby

declares as follows:

      1.    I am a partial owner of defendant Joseph Ortiz & Epstein LLC d/ba/ Delta

Group ("Joseph Ortiz"), and a partial owner of defendant First Choice Assets, LLC

("First Choice").  I respectfully submit this Declaration in support of Defendants' motion

to quash subpoenas.

2.    Defendant William Johnson is a former employee of Joseph Ortiz. Mr. Johnson may have acted in violation of the Fair Debt Collection Practices Act ("FDCPA") in dealing with the Plaintiffs in this matter despite the company's concerted efforts to adequately train our employees regarding the FDCPA. Mr. Johnson has since been fired.

3.    There is no legitimate reason for Plaintiffs to be allowed access to Joseph Ortiz's or First Choice Asset's confidential financial information and bank records. Such information is irrelevant to the issues in this case, and is an unnecessary and improper invasion of privacy.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 14, 2008

JOSEPH COLOSIMO

1  Cindy D. Salvo
   THE SALVO LAW FIRM, P.C.
2  101 Eisenhower Parkway, Suite 300
   Roseland, New Jersey 07068
3  (973) 795-1228
   (973) 228-6492 (fax)
4  Attorney for Defendants (Admitted pro hac vice)

5

6              **UNITED STATES DISTRICT COURT**

7             **NORTHERN DISTRICT OF CALIFORNIA**

8                   **SAN JOSE DIVISION**

9
   ----------------------------------------------------x
10  HELEN BUNCH and BRAD BUNCH,            :

11         Plaintiffs,               :      Case No. 07-3731 (JW) (RS)

12         v.                        :

13  DIVERSE FUNDING ASSOCIATES, LLC;:
14  JOSEPH ORTIZ & EPSTEIN, LLC;        :   **[PROPOSED] ORDER GRANTING**
    DELTA GROUP; JOSEPH COLISIMO;       :   **DEFENDANTS' MOTION TO QUASH**
15  WILLIAM "BILL" JOHNSON;             :   **SUBPOENAS**
    JASON J. EVANS LAW ASSOCIATES,      :   DATE:   May 13, 2008
16  PC;  THE LAW OFFICE OF JASON J.     :   TIME:   9:30 a.m.
    EVANS, PC; AND FIRST CHOICE         :   COURTROOM:  4
17  ASSETS, LLC            :            :

18         Defendants.              :
19  ----------------------------------------------------x

20

21              **UNITED STATES DISTRICT COURT**

22             **NORTHERN DISTRICT OF CALIFORNIA**

                    **SAN JOSE DIVISION**
23

24       Pursuant to **Federal Rule of Civil Procedure 45(c)**, defendants Diverse Funding Associates

25  LLC, Joseph Ortiz & Epstein LLC d/b/a Delta Group, Jason J. Evans, The Law Office of Jason J.

26  Evans, Evans Law Associates LLC and First Choice Assets LLC (collectively "Defendants") have

27  filed a motion to quash subpoenas served by Plaintiffs on HSBC Bank (the "Subpoenas").  The Court,

28  having considered the pleadings filed by the parties, finds that the Subpoenas seek irrelevant and

                                    -1-

1   confidential financial and banking information and should be quashed.

2         IT IS SO ORDERED, Defendants motion to quash the Subpoenas is hereby granted.

3

4   Dated: _____               By _____
                                      Hon. Richard Seeborg, U.S.M.J.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28